## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **EDWARD A. COPELAND AND SHERYL COPELAND,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **vs.** | |
| **TRISTAR PRODUCTS, INC. AND ABC, INC.,** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

COME NOW EDWARD A. COPELAND and SHERYL COPELAND, individually, by and through undersigned counsel, and hereby file this **Complaint for Damages and Jury Trial Demand,** respectfully showing the following:

## I. **INTRODUCTION**

1.

This is a diversity-based action seeking recovery for personal injuries and damages suffered by Plaintiffs Edward A. Copeland and Sheryl Copeland after a Power Pressure Cooker XL model PPC-780 pressure cooker (hereinafter "Pressure Cooker") that was designed, manufactured, marketed and sold by and through

Defendants, exploded and burned both their bodies. The subject incident happened in Fort Valley, Peach County, Georgia, and this case is brought under the substantive product liability and negligence laws of the State of Georgia.

## II.    PARTIES, JURISDICTION, SERVICE AND VENUE

2.

Plaintiff Edward A. Copeland (hereinafter "Mr. Copeland"), is an adult citizen of the State of Georgia and a resident of Peach County, Georgia. By filing this action, Mr. Copeland avails himself of the jurisdiction and venue of this Court.

3.

Plaintiff Sheryl Copeland (hereinafter "Mrs. Copeland") is the spouse of Plaintiff Mr. Copeland, is an adult citizen of the State of Georgia and a resident of Peach County, Georgia. By filing this action, Mrs. Copeland avails herself of the jurisdiction and venue of this Court.

4.

Defendant Tristar Products, Inc. (hereinafter "Tristar"), is a foreign corporation, incorporated under the laws of the State of Florida, with its principal place of business in Florida and doing business in Georgia. Tristar has ongoing and continuous sales of its products in the State of Georgia, including but not limited to, the sale of the subject Pressure Cooker.

5.

Tristar maintains a registered agent for service of process in the State of Florida, located at 111 N. County Highway 393, Suite 203, Santa Rosa Beach, Florida 32459, where Tristar may be served with legal process in this case.

6.

At all relevant times, Tristar knew that its products were being sold in the State of Georgia, for use by consumers in Georgia, and its product caused harm to Plaintiffs in the State of Georgia.

7.

At all relevant times, Tristar was actively involved in the design, manufacture, promotion and sale of the subject Pressure Cooker (and similar models), which failed during foreseeable use and caused Plaintiffs' injuries and damages.

8.

This Court has personal jurisdiction over Tristar because of its continuous business contacts with the State of Georgia and because its product sold in Georgia caused harm in Georgia.

9.

ABC Inc. is a fictional designation pursuant to O.C.G.A. §9-11-10(a) representing a currently unknown corporation or business entity, and/or all subsidiaries or successor companies of the named defendants that, at all relevant times, transacted business in the State of Georgia and is, therefore, subject to the jurisdiction of this Court. Upon ascertaining the proper identity of this entity, this allegation will be supplemented.

10.

This Court has jurisdiction over this case pursuant to diversity jurisdiction provided by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

11.

Venue is proper in the United States District Court for the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 90(a)(2) and LR 3.4 M.D.G.A., because Plaintiffs reside in Peach County (which is within this District and Division), because a substantial part of the events, acts or omissions giving rise to the claim and Plaintiffs' injuries occurred within Peach

County, and because Tristar regularly conducts business in this District and Division.

### III. <u>FACTS</u>

12.

In approximately 2016, Plaintiffs ordered the subject Pressure Cooker online, which was designed, manufactured, marketed, and sold by Defendants.

13.

Mr. and Mrs. Copeland became familiar with the subject Pressure Cooker's methods and modes of operations through reading the owner's manual and through having used the subject Pressure Cooker several times prior to the incident at issue.

14.

On July 18, 2020, Mr. and Mrs. Copeland were using the subject Pressure Cooker at issue to cook chuck roast.

15.

At the completion of the cook cycle, Plaintiffs allowed the cooker to sit undisturbed to allow pressure to release. Once the cooker had time to depressurize, Mr. Copeland attempted to rotate the lid toward the open position, but as soon as he moved the lid, the contents explosively expelled onto both Mr. and Mrs. Copeland.

16.

As a direct and proximate cause of the explosion and the flying scalding hot contents of the subject Pressure Cooker therefrom, Mr. Copeland suffered severely painful and disfiguring burns, scalding his face, anterior torso, neck, left upper extremity, left forearm, left hand, left thumb, right upper extremity, and right forearm.

17.

Mr. Copeland suffered excruciating pain from these burns, the debridement procedures, and surgery to graft cadaver skin onto his body. He also had to endure later procedures to debride and remove the skin.

18.

Mr. Copeland is expected to suffer permanent scarring and disfigurement for the rest of his life.

19.

Mr. Copeland has suffered acute mental distress and continues to suffer mental stress and anxiety.

20.

As a direct and proximate cause of the explosion and the flying scalding hot contents of the subject Pressure Cooker therefrom, Mrs. Copeland also

suffered severely painful and disfiguring burns, scalding her breasts, upper chest area, hands, arms, and face.

21.

Mrs. Copeland is expected to suffer permanent scarring and disfigurement for the rest of her life.

22.

Mrs. Copeland has suffered acute mental distress and continues to suffer mental stress and anxiety.

23.

Mr. Copeland has incurred substantial medical bills and expenses and is expected to suffer financial losses in the future; he seeks recovery of all special damages to be proven at trial.

24.

Mrs. Copeland has incurred substantial medical bills, lost wages, and expenses and is expected to suffer financial losses in the future; she seeks recovery of all special damages to be proven at trial.

25.

Mr. Copeland was not negligent and did not do anything that caused or contributed to the above-referenced incident or his injuries or damages.

26.

Mrs. Copeland was not negligent and did not do anything that caused or contributed to the above-referenced incident or her injuries or damages.

27.

The subject Pressure Cooker is marketed by Tristar and/or ABC, Inc. as a safe product intended to cook food in a fraction of the normal time using heat and pressure inside of a sealed chamber.

28.

The subject Pressure Cooker is marketed by Tristar and/or ABC, Inc. in a way that would intentionally mislead a consumer into believing the product was reasonably safe, with multiple safeguards that would prevent the kind of pressured explosion that is the subject of this lawsuit.

29.

These alleged safety features on the subject Pressure Cooker were either negligently conceived and implemented by Tristar and/or ABC, Inc., or were defectively designed and manufactured by Tristar and/or ABC, Inc.

30.

Mr. and Mrs. Copeland had been and were using the subject Pressure Cooker in a foreseeable, prudent, and intended manner on the date of the incident.

31.

Further, the subject Pressure Cooker had not been substantially modified or altered at any point prior to the subject incident.

32.

The subject Pressure Cooker was negligently designed and/or manufactured by Defendants, and defective in terms of its design, manufacturing and/or warnings.

33.

As a direct and proximate result of the negligent design, manufacturing, and/or warning defects of the subject Pressure Cooker, Mr. and Mrs. Copeland sustained injuries and damages for which Defendants are liable.

## COUNT I:
## TRISTAR- STRICT LIABILITY DESIGN DEFECT

34.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 33 as if fully set forth herein.

35.

At all times relevant to the allegations in this Complaint, Tristar was in the business of designing, manufacturing and marketing pressure cookers and did design, manufacture and market the subject Pressure Cooker giving rise to the subject matter of this lawsuit.

36.

Pursuant to O.C.G.A. § 51-1-11 and other applicable case law, Tristar is strictly liable to Plaintiffs for manufacture design defects because the risks inherent in the subject Pressure Cooker's design outweighs its utility.

37.

Defendants could have implemented safer alternative designs that would not impair the subject Pressure Cooker's functionality.

38.

Thus, under Georgia law, the subject Pressure Cooker is defective in its design.

39.

Tristar also marketed the subject Pressure Cooker in a defective manner in that Tristar failed to effectively warn or inform consumers of the unreasonably dangerous properties of the subject Pressure Cooker.

40.

The design and warning defects alleged above were the proximate cause of Plaintiffs' injuries and damages.

41.

Tristar is strictly liable for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## ABC, INC. – STRICT LIABILITY DESIGN DEFECT

42.

At all times relevant to the allegations in this Complaint, ABC, Inc. was in the business of designing, manufacturing, and marketing Pressure Cookers and did design, manufacture and market the subject Pressure Cooker giving rise to the subject matter of this lawsuit.

43.

Pursuant to O.C.G.A. § 51-1-11 and other applicable case law, ABC, Inc. is strictly liable to Plaintiffs for manufacture design defects because the risks inherent in the subject Pressure Cooker's design outweigh its utility.

44.

Defendants could have implemented safer alternative designs that would not impair the subject Pressure Cooker's functionality.

45.

Thus, under Georgia law, the subject Pressure Cooker is defective in its design.

46.

ABC, Inc. also marketed the subject Pressure Cooker in a defective manner in that ABC, Inc. failed to effectively warn or inform consumers of the unreasonably dangerous properties of the subject Pressure Cooker.

47.

The design and warning defects alleged above were the proximate cause of Plaintiffs' injuries and damages.

48.

ABC, Inc. is strictly liable for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## COUNT II:
## TRISTAR - NEGLIGENCE

49.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 48 as if fully set forth herein.

50.

Tristar has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses.

51.

Tristar also has a duty to adequately warn of dangers posed by the subject pressure cookers' design.

52.

These duties applied to the subject Pressure Cooker at issue in this case.

53.

Tristar knew, or in the exercise of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

54.

Tristar failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

55.

Tristar was additionally negligent in that it failed to give adequate or proper warnings or instructions.

56.

Tristar owed Mr. and Mrs. Copeland, as well as the public at large, the duty of reasonable care in designing, manufacturing and marketing the subject Pressure Cooker.

57.

Tristar failed to act as an ordinary prudent manufacturer in manufacturing the subject Pressure Cooker and was negligent.

58.

Tristar is liable for its negligence for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## **ABC, INC. – NEGLIGENCE**

59.

ABC, Inc. has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses.

60.

ABC, Inc. also has a duty to adequately warn of dangers posed by the subject pressure cookers' design.

61.

These duties applied to the subject Pressure Cooker at issue in this case.

62.

ABC, Inc. knew, or in the exercise of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

63.

ABC, Inc. failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

64.

ABC, Inc. was additionally negligent in that it failed to give adequate or proper warnings or instructions.

65.

ABC, Inc. owed Mr. and Mrs. Copeland, as well as the public at large, the duty of reasonable care in designing, manufacturing, and marketing the subject Pressure Cooker.

66.

ABC, Inc. failed to act as an ordinary prudent manufacturer in manufacturing the subject Pressure Cooker and was negligent.

67.

ABC, Inc. is liable for its negligence for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## COUNT III
## TRISTAR — PUNITIVE DAMAGES

68.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 67 as if fully set forth herein.

69.

Despite being on notice of other similar incidents involving the same or similar products, Tristar willfully and intentionally failed to take any proper action to warn, remedy their product, or reduce the risk of harm to the Plaintiffs or the general public.

70.

Tristar had actual knowledge that the subject Pressure Cooker posed a threat of serious injury to consumers, but failed to warn or inform retailers, wholesalers, or the public of said dangers.

71.

Tristar's knowing failure to act despite actual knowledge of the dangers demonstrates willful misconduct, malice, fraud, wantonness, oppression, and/or that

entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter Tristar from repeating or continuing such unlawful and dangerous conduct in the future.

## ABC, INC. — PUNITIVE DAMAGES

72.

Despite being on notice of other similar incidents involving the same or similar products, ABC, Inc. willfully and intentionally failed to take any proper action to warn, remedy their product, or reduce the risk of harm to the Plaintiffs or the general public.

73.

ABC, Inc. had actual knowledge that the subject Pressure Cooker posed a threat of serious injury to consumers, but failed to warn or inform retailers, wholesalers, or the public of said dangers.

74.

ABC, Inc.'s knowing failure to act despite actual knowledge of the dangers demonstrates willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter ABC, Inc. from repeating or continuing such unlawful and dangerous conduct in the future.

## COUNT IV
## BREACH OF EXPRESS WARRANTY AGAINST TRISTAR

### 75.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 74 as if fully set forth herein.

### 76.

Tristar designed, manufactured, assembled, distributed, inspected, tested, and/or sold the subject Pressure Cooker.

### 77.

Tristar expressly warranted that the subject Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

### 78.

Tristar's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiffs, without which the Plaintiffs would not have purchased the subject Pressure Cooker.

### 79.

As a direct and proximate result of Tristar's breach of express warranties, Plaintiffs suffered severe injury, including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## **BREACH OF EXPRESS WARRANTY AGAINST ABC, INC.**

### 80.

ABC, Inc. designed, manufactured, assembled, distributed, inspected, tested, and/or sold the subject Pressure Cooker.

### 81.

ABC, Inc. expressly warranted that the subject Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

### 82.

ABC, Inc.'s affirmations regarding the safety of its product formed a basis of the bargain for Plaintiffs, without which the Plaintiffs would not have purchased the subject Pressure Cooker.

### 83.

As a direct and proximate result of ABC, Inc.'s breach of express warranties, Plaintiffs suffered severe injury, including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST TRISTAR

### 84.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 83 as if fully set forth herein.

### 85.

Tristar designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject Pressure Cooker.

### 86.

Tristar impliedly warranted that the subject Pressure Cooker was merchantable and fit for the ordinary purpose for which it was sold or used.

### 87.

Tristar breached its implied warranty of merchantability, as the product was not fit for the ordinary purpose for which it was sold or used.

### 88.

As a direct and proximate result of Tristar's breach of the implied warranty of merchantability, Plaintiffs suffered injury including burns, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## <u>BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u><br><u>AGAINST ABC, INC.</u>

89.

ABC, Inc. designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject Pressure Cooker.

90.

ABC, Inc. impliedly warranted that the Pressure Cooker was merchantable and fit for the ordinary purpose for which it was sold or used.

91.

ABC, Inc. breached its implied warranty of merchantability, as the product was not fit for the ordinary purpose for which it was sold or used.

92.

As a direct and proximate result of ABC, Inc.'s breach of the implied warranty of merchantability, Plaintiffs suffered injury including burns, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST TRISTAR

93.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 92 as if fully set forth herein.

94.

Tristar designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the subject Pressure Cooker.

95.

Tristar, through its agents, servants, employees, and apparent agents, acting within the scope of their employment or authority made representations concerning the particular purpose to which Plaintiffs could put the subject Pressure Cooker to use.

96.

Tristar knew or should have known of the particular purpose to which the Plaintiffs would put the product to use.

97.

Tristar impliedly warranted that the product would be fit for such particular purpose.

98.

Tristar breached its implied warranty of fitness for a particular purpose, as the subject Pressure Cooker's malfunction and overall unsafe condition rendered it unfit for that purpose.

99.

As a direct and proximate result of Tristar's breach of the implied warranty of fitness for a particular purpose, Plaintiffs suffered severe injury including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST ABC, INC.

100.

ABC, Inc. designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the subject Pressure Cooker.

101.

ABC, Inc., through its agents, servants, employees, and apparent agents, acting within the scope of their employment or authority made representations concerning the particular purpose to which Plaintiffs would put the subject Pressure Cooker to use.

102.

ABC, Inc. knew or should have known of the particular purpose to which the Plaintiffs would put the product to use.

103.

ABC, Inc. impliedly warranted that the product would be fit for such particular purpose.

104.

ABC, Inc. breached its implied warranty of fitness for a particular purpose, as the subject Pressure Cooker's malfunction and overall unsafe condition rendered it unfit for that purpose.

105.

As a direct and proximate result of ABC, Inc.'s breach of the implied warranty of fitness for a particular purpose, Plaintiffs suffered severe injury including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## COUNT VII
## LOSS OF CONSORTIUM

### 106.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 105 as if fully set forth herein.

### 107.

Mr. Copeland and Mrs. Copeland are, and were at all times relevant to this action, legally married.

### 108.

As a direct and proximate cause of Defendants' acts and/or omissions, Mr. Copeland has lost the companionship, society, and consortium of Mrs. Copeland.

### 109.

As a direct and proximate cause of Defendants' acts and/or omissions, Mrs. Copeland has lost the companionship, society, and consortium of Mr. Copeland.

## DAMAGES

### 110.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 109 as if fully set forth herein.

111.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Edward A. Copeland and Sheryl Copeland suffered substantial injuries and damages including medical and other necessary expenses, and mental and physical pain and suffering. As a result of the subject incident, Plaintiff Edward A. Copeland has incurred in excess of $203,260 in past medical expenses, and Plaintiff Sheryl Copeland has incurred in excess of $37,570 in past medical expenses and has also incurred lost wages. Mr. and Mrs. Copeland will continue to incur medical expenses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays the following:

a)  That summons be issued requiring Defendants to be served as provided by law and requiring Defendants to answer the Complaint;

b)  That Plaintiffs have a trial by a fair and impartial jury of twelve members;

c)  That Plaintiffs obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiffs for their past and future special and general damages;

d)  That Plaintiffs obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiffs for their loss of consortium;

e) That Plaintiffs have and recover punitive damages from Defendants in an amount sufficient to deter Defendants;

f) That Plaintiffs have and recover their expenses of litigation, including attorney's fees;

g) That costs of bringing this action be taxed against the Defendants; and

h) That Plaintiffs have such other and further relief as this Court shall deem just and equitable.

## <u>JURY DEMAND</u>

Plaintiffs, Edward A. Copeland and Sheryl Copeland, hereby demand a trial by a 12-person jury on all issues so triable.

This 13th day of June, 2022.

/s/ W. Carl Reynolds
W. CARL REYNOLDS
Georgia Bar No. 601900

/s/ Marty K. Senn
MARTY K. SENN
Georgia Bar No. 513896

/s/ Michael G. Horner
MICHAEL G. HORNER
Georgia Bar No. 251194

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300