# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD A. COPELAND AND SHERYL COPELAND,<br><br>Plaintiffs,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC., AND ABC, INC.,<br><br>Defendants. | CIVIL ACTION NO. 5:22-cv-00212-TES |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT
TRISTAR PRODUCTS, INC.'S REQUESTS FOR ADMISSIONS
TO PLAINTIFF EDWARD A. COPELAND**

COMES NOW Edward Copeland, Plaintiff in the above-styled action, and pursuant to the provisions of O.C.G.A. 9-11-34, hereby serves his Objections and Responses to First Request for Admissions to Plaintiff from Defendant, Tristar Products, Inc., as follows:

## GENERAL OBJECTION

Plaintiff objects to the introduction and definition sections to said Defendant's discovery requests, insofar as the same conflict with or enlarge upon the requirements of the Georgia Civil Practice Act. All responses are subject to this objection, and by giving a response, this objection is not waived. All responses are being given in accordance with the Georgia Civil Practice Act and any supplementation will be made on request of opposing counsel pursuant to that Act.

Plaintiff objects to Defendant's First Requests for Admissions to the extent they exceed the requirements and duty to respond as set forth in O.C.G.A. § 9-11-36(a)(2).

Plaintiff objects to any Request for Admission to the extent it calls for information protected by the work-product doctrine.

Plaintiff objects to any Request for Admission to the extent it calls for information protected by attorney/client privilege.

Plaintiff, by responding to these Requests for Admissions, do not waive or relinquish any claim they may have to the relevancy, admissibility or use of any information produced hereby. Specifically, Plaintiff reserve the right to object to the introduction of any of this information at the appropriate time.

Subject to and without waiving the foregoing general objections, Plaintiff responds to Defendant's separately numbered Admissions as follows:

## ADMISSIONS AND RESPONSES

1. The accident that is the subject of this lawsuit (the "Accident") occurred on July 18, 2020.

### RESPONSE

Admitted.

2. On July 18, 2020, Plaintiff cooked chuck roast with onions in a Tristar Power Pressure Cooker XL model 780 (the "Pressure Cooker").

### RESPONSE

Admitted

3. The Pressure Cooker originally came with an Owner's Manual.

### RESPONSE

Admitted.

4. Plaintiff read the Owner's Manual thoroughly prior to July 18, 2020.

**RESPONSE**

Admitted.

5. Attached as Exhibit A is a true and correct copy of the Owner's Manual that Plaintiff read prior to using the Pressure Cooker on July 18, 2020.

**RESPONSE**

No Exhibit A was attached to Defendant's Requests for Admissions. Therefore, Plaintiff is unable to admit or deny.

6. Plaintiff read the instructions on the Pressure Cooker's lid prior to July 18, 2020.

**RESPONSE**

Admitted.

7. The Pressure Cooker was originally purchased by Plaintiff sometime in 2016.

**RESPONSE**

Admitted.

8. Between 2016 when the Pressure Cooker was purchased and July 19, 2020 Plaintiff used the Pressure Cooker on multiple occasions.

**RESPONSE**

Admitted.

9. Prior to July 18, 2020, the Pressure Cooker operated as Plaintiff expected and intended it do so.

**RESPONSE**

Admitted

10. To the best of Plaintiff's knowledge, the Pressure Cooker was always used, maintained, cleaned and operated in accordance with the Owner's Manual.

**RESPONSE**

Admitted.

11. The rubber gasket and Pot Lid Liner were properly positioned (as described and depicted in the General Operating Instructions section of the Owner's Manual, at pg 4, #1) when Plaintiff began to use the Pressure Cooker on July 18, 2020.

**RESPONSE**

Admitted.

12. The amount of food and/or liquid Plaintiff placed into the inner pot on July 18, 2020 did not go above the Max Fill line (as described and depicted in the General Operating Instructions section of the Owner's Manual at pg. 4, #2).

**RESPONSE**

Admitted.

13. Plaintiff properly placed the lid on the Pressure Cooker on July 18, 2020 (as described and depicted in the General Operating Instructions section of the Owner's Manual at pg. 4, #3, Figure A).

**RESPONSE**

No Exhibit A was attached to Defendant's Requests for Admissions. However, admitted as pled.

14. Plaintiff turned the pressure release valve to release the steam inside the Pressure Cooker before attempting to open the Pressure Cooker on July 18, 2020.

**RESPONSE**

Admitted.

15. Plaintiff waited until the float valve dropped, before attempting to remove the lid.

## RESPONSE

Admitted.

This _15th_ day of ~~October~~ November, 2022.

_____
MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Plaintiff's Objections and Responses to Defendant Tristar Products, Inc.'s Requests for Admissions to Plaintiff Edward A. Copeland** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Sanja Ghosh
Nelson, Mullins, Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
*Attorney for Tristar Products, Inc.*

This 15 day of October November, 2022.

_____
MARTY K. SENN
Georgia Bar No. 513896
*Attorney for Plaintiffs*

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300