# Exhibit J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **EDWARD A. COPELAND AND SHERYL COPELAND,** | |
| **Plaintiffs,** | **CIVIL ACTION NO. 5:22-cv-00212-TES** |
| **vs.** | |
| **TRISTAR PRODUCTS, INC., AND ABC, INC.,** | |
| **Defendants.** | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT**
**TRISTAR PRODUCTS, INC.'S INTERROGATORIES TO**
**PLAINTIFF EDWARD A. COPELAND**

COMES NOW Plaintiff Edward A. Copeland and responds to Defendant Tristar Products, Inc.'s Interrogatories to Plaintiff Edward A. Copeland as follows:

**PRELIMINARY STATEMENT**

**A.**

The following responses are based upon information presently available to Plaintiff which is believed to be correct. Plaintiff has not fully completed the discovery in this action and has not completed preparation for trial. Said responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

**B.**

No incidental or implied admissions of fact by Plaintiff are made by the responses below. The only admissions are express admissions. The fact that Plaintiff has answered by interrogatories herein may not properly be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response

constitutes admissible evidence. The fact that Plaintiff has answered part or all of any interrogatory is not intended to, and shall not be, construed as a waiver by this Plaintiff or all or any part of an objection made by Plaintiff to any interrogatory.

## C.

Answers to these interrogatories may be amended or supplemented upon Plaintiff's further investigation and acquisition of information which Plaintiff either does not possess or recall at this time, strictly in accordance with the Federal Rules of Civil Procedure.

## D.

The Plaintiff further objects to the Preface of Defendant's Interrogatories inasmuch as Defendant's definition of "Plaintiff" seeks knowledge or information from Plaintiff's counsel, agents, servants, employees, representatives, private investigators, and others. Such a definition would include information obtained in anticipation of litigation and would reflect the mental impressions, conclusions, opinions and legal theories of the person(s) preparing them; additionally, such a request would encompass attorney work product and as such would not be subject to the scope of permissible discovery.

## E.

The following documents and things are included in the scope of this objection:

(A)    Plaintiff's attorneys' case development plan, trial notebooks, trial preparation materials, and related documents

(B)    Memos relating to Plaintiff's attorneys' investigation of the facts pertaining to this lawsuit

(C)    Plaintiff's attorneys' computerized case management system;

(D)    Documents relating to communications between Plaintiff and his/her counsel, including client diaries, timelines, written summaries, counsel's case intake sheet, letters and memos of oral communications;

(E)    Documents related to Plaintiff's attorneys' legal and/or medical research;

(F)    Documents relating to interviews with potential witnesses conducted by Plaintiff's counsel and all representatives of same; and

(G)    Documents relating to communications with any expert consultant not expected to be called as an expert witness to testify at trial.

All of these documents and things were made in anticipation of litigation or for trial and are not subject to discovery because they are privileged attorney work product and trial preparation materials.

## F.

Plaintiff objects to each and every discovery request to the extent that it, whether standing alone or taken in conjunction with any and all discovery requests, is calculated or would operate to annoy, oppress, unduly burden or unduly cause expense to Plaintiff or would be unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression on the ground that said discovery requests exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.

## G.

Plaintiff objects to each and every discovery request to the extent the same requires Plaintiff to respond by disclosing compensation available to Plaintiff from any collateral source upon the grounds that such information is irrelevant to the subject matter of this action; and,

therefore, such discovery requests exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.

## I.

This preliminary statement is incorporated into each of the responses set forth below.

## INTERROGATORIES AND RESPONSES

### 1.

Set forth Plaintiff's full name, present address, birth date, current height, current weight, dominant hand and whether ever known by any other names or aliases.

### RESPONSE

| | |
|---|---|
| Plaintiff's Full Name: | Edward Alan Copeland |
| Plaintiff's Present Address: | 389 Borders Road |
| | Fort Valley, GA 31030 |
| Plaintiff's Date of Birth: | February 4, 1961 |
| Plaintiff's Current Height: | 5'10" |
| Plaintiff's Current Weight: | 238 |
| Plaintiff's Dominant Hand: | Right |
| Plaintiff's Aliases: | None. |

### 2.

Describe in detail Plaintiff's version of the Accident, setting forth the date, location, time, surroundings, and identifying all other people present when the Accident occurred.

## **RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery under the Civil Practice Act and is so broad and all-encompassing that it would include attorney work product, which is not subject to discovery. Plaintiff further objects on the grounds that the same is so broad and all-encompassing that it would include information developed during the preparation of this case for trial, which matters are not discoverable by reason of attorney work product privilege. Subject to and without waiving said objection, but specifically relying thereon, Plaintiffs Edward and Sheryl Copeland were at home preparing dinner on the evening of July 18, 2020. Plaintiffs prepared a chuck roast by placing the following contents into the pressure cooker: boneless chuck roast; onion quartered; salt, pepper and Italian seasoning; approximately 1-quart beef broth; and water to just below the fill line. The meat setting was pressed, and the temperature was then set on medium. The roast cooked for 40-45 minutes, automatically shut off, and Plaintiffs allowed it to rest for 45 minutes to an hour before checking on the contents of the pressure cooker. Plaintiff Edward Copeland slightly jiggled the pressure valve at the top of the pressure cooker to release any steam that might still be inside the pressure cooker. No steam released, leading Mr. Copeland to believe that the pressure had escaped from the pressure cooker. Plaintiff Edward Copeland then checked the side of the pressure cooker where the metal safety pin was located. The pin was no longer sticking out, leading Mr. Copeland to believe that there was no steam/pressure inside the pressure cooker. Plaintiff Edward Copeland then gave the lid a very slight turn, and the lid blew off and sprayed all the contents onto both Plaintiffs with Edward Copeland taking the brunt of the exploding contents.

**3.**

Describe in detail what was being cooked in the Product at the time of the Accident and the specific actions that were taken with respect to the Product prior to the Accident.

**RESPONSE**

Please refer to Plaintiff's Interrogatory Response No. 2 which describes the contents being cooked in the Product and the preparation prior to the Accident.

**4.**

Describe when, where, how, why and by whom the Product was purchased and attach copies of any receipts, invoices or other documents relating to the Product's purchase.

**RESPONSE**

Plaintiffs purchased a Power Pressure Cooker XL model PPC-780 pressure cooker online from the product website in approximately 2016. It was purchased for its advertised ease of use, safety features, multiple features, quick cooking, and convenience. Plaintiff does not have the receipt or any other documents relating to the Product's purchase other than the Owner's Manual.

**5.**

Identify the approximate amount of times Plaintiff used the product prior to the date of the accident.

**RESPONSE**

 Plaintiffs had used the product approximately 40 to 50 times since its purchase, roughly 10 to 12 times a year.

**6.**

Identify all others (other than Plaintiff) who used the Product prior to the date of the Accident and set forth an approximation of the number of times the product was used by these other users.

**RESPONSE**

None other than Plaintiffs.

**7.**

If the Product was located on a table or countertop at the time of the Accident, set forth the table or counter top's height as measured from the floor and attach a photo depicting the location where the Product was located.

**RESPONSE**

The pressure cooker was located on the kitchen counter in the kitchen.  The countertop is 36" high.

**8.**

Did Plaintiff read the owner's manual thoroughly before using the Product prior to the Accident?

**RESPONSE**

Yes.

**9.**

Set forth a detailed description of all attempts to manually release the pressure from inside the Product prior to the Accident.

**RESPONSE**

Please refer to Plaintiff's response to Interrogatory #2.

**10.**

Set forth a detailed description of the nature, extent and duration of any injuries Plaintiff claims were suffered in the Accident and provide a detailed description of injury or condition claimed to be permanent together with all present complaints.

**<u>RESPONSE</u>**

Plaintiff objects to this interrogatory on the grounds that he is not a trained medical professional. Subject to and without waiving said objection, Plaintiff responds that he has suffered from severely painful and disfiguring burns which blistered his face, anterior torso, neck, left upper extremity, left forearm, left hand, left thumb, right upper extremity, and right forearm. He was treated in the ER at Perry Hospital and diagnosed with burns involving 20-29% of his body surface. The decision was made to transfer him emergently to the Doctors Hospital in Augusta Burn Center where he was given morphine for pain control and scheduled for surgery the next day to debride all nonviable tissue, and apply cadaver skin to the anterior torso, neck, left upper extremity, left foreman, left hand, left thumb, right upper extremity, and right forearm. Amniotic membrane was applied to his face. Mr. Copeland was discharged on July 23, 2020, after 6 days, and scheduled for follow up in one week at the outpatient Burn and Wound clinic. On August 6, 2020, he underwent debridement/whirlpool treatment for removal of adherent cadaver skin to both forearms and wrists. He was given compression garments to wear and instructed on wound and scar management. Enclosed are several photos of Mr. Copeland that were taken at the Augusta Burn Center and are a part of his medical records. Mr. Copeland suffered excruciating pain from these burns, the debridement procedures, and surgery to graft cadaver skin onto his body. He also had to endure later procedures to debride and remove the skin. Plaintiff suffered excruciating pain as his burns were debrided to remove the burned flesh, cadaver skin was stapled in place over his

wounds, and then covered with dressing and saturated with a saline solution containing antibiotics for roughly a 24-hour period.  It took roughly a month for the cadaver skin to be fully removed due to the depth of the burns.  Plaintiff Edward Copeland had to stretch, exercise, and apply ointment to the burned areas 3 to 4 times daily to prevent his skin from drawing up and puckering. Plaintiff still continues to experience sensitivity to cold weather, extreme heat, and direct sunlight. Plaintiff is expected to suffer from permanent scarring and disfigurement as well as skin sensitivity for the rest of his life. Please refer to the attached medical records of Edward Copeland.

## 11.

Describe all treatment received for any injuries suffered in the Accident and identify the name and address of any such health care provider.  Have you ever suffered any other burn injuries to any part of your body?  If so, set forth a detailed description of the nature, extent, and cause of each such burn injury.

### RESPONSE

Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome and requires him to provide a detailed description of medical treatment he has received that is described in the attached medical records.  Subject to and without waiving said objection, but specifically relying thereon, please refer to the attached medical records of Edward Copeland.

Other than minor burns he may have experienced throughout his lifetime, Plaintiff Edward Copeland has never suffered from any other serious burn injuries that required a doctor's visit or hospital treatment.

## 12.

Identify each physician, hospital and/or health care provider that performed an examination or provided treatment to plaintiff for a period of ten years before the alleged accident until the day

these interrogatories are answered.  Provide dates of examination or treatment and a general statement of the reason/s for the examination or treatment.

**<u>RESPONSE</u>**

Plaintiff objects to this interrogatory on the grounds it is overly broad and burdensome in requesting a detailed medical history for the ten years before the date of this incident until the present day.   Subject to and without waiving said objection, Plaintiff's primary care physician is Dr. Joseph Lomboy, who he has seen for approximately 10-12 years for routine medical care. Plaintiff had open heart surgery in August of 2018, which was performed by Dr. Laura Reed, cardiothoracic surgeon.  His cardiologist is Dr. Nisreen Jallad in Warner Robins, GA.  He has COPD and sees Dr.  Hatem Asad, pulmonologist.  He had shoulder surgery performed by Dr. Jorgenson at OrthoGA for a torn rotator cuff approximately 4 years ago and had carpal tunnel surgery by Dr. Johnston at OrthoGA.   Plaintiff previously saw Dr. Olena Klindukhova, an endocrinologist in Warner Robins, GA, for treatment of diabetes and thyroid disease until she closed her practice in 2021.  Since then, Dr. Lomboy has managed his diabetes and thyroid disease. In January of 2022, Plaintiff was hospitalized at Atrium Medical Center where Dr. Reed did a lung biopsy and later that month placed a chemotherapy port.  In September of 2022, he had to be readmitted to Atrium for repositioning of the port.  On October 12, he was admitted to Atrium Medical Center where Dr. William Schroeder had to reposition the catheters that go to the port. He is currently receiving chemotherapy at The Cancer Center in Warner Robins, GA.

**13.**

Give the names and addresses of all pharmacies that plaintiff has purchased prescriptions for any condition whatsoever for the ten-year period prior to the date of the accident alleged in the

Complaint, stating the condition for which plaintiff purchased the prescription and the date or dates upon plaintiff purchased the prescription.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome in requesting detailed information related to prescriptions for a period of ten (10) years preceding the accident giving rise to this lawsuit. Subject to and without waiving said objection, Plaintiff has had his prescriptions filled at: Publix Pharmacy on Hwy 96 in Kathleen, GA and Humana mail order pharmacy. Attached a copy of the pharmacy record from Publix for 2017-2022.

**14.**

If employed at the time of the accident, state:

    a)  Name and address of employer;

    b)  Position held and nature of work performed;

    c)  Average weekly wages for the two years prior to the Accident;

    d)  Period of time lost from employment, giving dates;

    e)  Amount of net wages lost, if any; and

    f)  If there has been a return to employment, set forth your present weekly wages, earning, income or profit.

**RESPONSE**

Plaintiff was retired at the time of the accident.

**15.**

If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the

subject matter of the complaint, including but not limited to, the Product, the Accident, the incident

scene, or any injuries, describe:

  a) The number of each;

  b) What each shows or contains;

  c) The date taken or made;

  d) The names and addresses of the persons who made them; and

  e) In whose possession they are at present.

<strong><u>RESPONSE</u></strong>

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery

under the Civil Practice Act and is so broad and all-encompassing that it would include attorney

work product, which is not subject to discovery.  Plaintiff further objects on the grounds that the

same is so broad and all-encompassing that it would include information developed during the

preparation of this case for trial, which matters are not discoverable by reason of attorney work

product privilege.  Plaintiff also objects to this interrogatory to the extent that discovery has not

yet been completed in this case and as such, Plaintiff is without sufficient knowledge at this time

to be able to give a complete and accurate response to Defendant's request.  Subject to and without

waiving said objection, but specifically relying thereon, Plaintiff has attached a copy of

photographs of the product and photos of his injuries.  Plaintiff's attorneys have possession of the

photographs.

<strong>16.</strong>

If you claim that any defendant made admissions as to the subject matter of this lawsuit,

state:

  a) The date made;

b) The name of the person by whom made;

c) The name and address of the person to whom made;

d) Where made;

e) The name and address of each person present at the time the admission was made;

f) The contents of the admission; and

g) If in writing, attach a copy.

**RESPONSE**

Plaintiff objects to this interrogatory to the extent it calls for legal conclusion.

**17.**

If you have in your possession any statement made by this Defendant (including any current or former employees of this Defendant) or from any party or other person related to this action, state:

a) The name and present address of the person who gave the statement;

b) Whether the statement was oral or in writing and if in writing, attach a copy;

c) The date the statement was obtained;

d) If such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it;

e) If the statement was written, whether it was signed by the person making it;

f) The name and address of the person who obtained the statement; and

g) If the statement was oral, a detailed summary of its contents.

**RESPONSE**

None at this time.

**18.**

Describe in detail the chain of custody of the product since the date and time of the accident and set forth whether the product has been used, changed, altered, modified or repaired or is in any way different than it was immediately after the accident.

**RESPONSE**

The product was delivered to the office of Reynolds, Horne, & Survant who then shipped the product to Dr. John Pratt. The product has not been altered.

**19.**

If you have ever instituted an action at law, civil action or other proceeding in court to recover damages on account of personal injuries, apart from the proceeding herein, please specify the title, filing date, docket number and court where any such action was instituted.

**RESPONSE**

None.

**20.**

Set forth the date you first retained a lawyer in connection with this case.

**RESPONSE**

Plaintiff objects to this interrogatory to the extent that it is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent that it seeks information that is not relevant to the subject matter of this action and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

**21.**

Identify any complaints made by you related to the product to any company, entity or organization.

**RESPONSE**

None other than the subject action.

**22.**

The approximate date Plaintiff stopped taking pain medicine for the injuries she claims she sustained in the accident which is the subject of her complaint.

**RESPONSE**

Plaintiff stopped taking pain medicine for the injuries cause by the accident around March 2021.

**23.**

Identify in chronological order all of the steps you took to ensure the pressure from the pressure cooker had dissipated and the pressure cooker was safe to open.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery under the Civil Practice Act and is so broad and all-encompassing that it would include attorney work product, which is not subject to discovery. Plaintiff further objects on the grounds that the same is so broad and all-encompassing that it would include information developed during the preparation of this case for trial, which matters are not discoverable by reason of attorney work product privilege. Subject to and without waiving said objection, but specifically relying thereon, Plaintiffs Edward and Sheryl Copeland were at home preparing dinner on the evening of July 18, 2020. Plaintiffs prepared a chuck roast by placing the following contents into the pressure cooker:

boneless chuck roast; onion quartered; salt, pepper and Italian seasoning; approximately 1-quart beef broth; and water to just below the fill line. The meat setting was pressed, and the temperature was then set on medium. The roast cooked for 40-45 minutes, automatically shut off, and Plaintiffs allowed it to rest for 45 minutes to an hour before checking on the contents of the pressure cooker. Plaintiff Edward Copeland slightly jiggled the pressure valve at the top of the pressure cooker to release any steam that might still be inside the pressure cooker. No steam released, leading Mr. Copeland to believe that the pressure had escaped from the pressure cooker. Plaintiff Edward Copeland then checked the side of the pressure cooker where the metal safety pin was located. The pin was no longer sticking out, leading Mr. Copeland to believe that there was no steam/pressure inside the pressure cooker. Plaintiff Edward Copeland gave the lid a very slight turn, and the lid blew off and sprayed all the contents onto both Plaintiffs with Edward Copeland taking the brunt of the exploding contents.

This _1st_ day of October, 2022.

_____
MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing ***Plaintiff's Objections and Responses to Defendant Tristar Products, Inc.'s Interrogatories to Plaintiff Edward A. Copeland*** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Sanja Ghosh
Nelson, Mullins, Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
*Attorney for Tristar Products, Inc.*

This _____ day of October, 2022.

_____
MARTY K. SENN
Georgia Bar No. 513896
*Attorney for Plaintiffs*

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD A. COPELAND AND
SHERYL COPELAND,

      **Plaintiffs,**

      **vs.**

TRISTAR PRODUCTS, INC., AND
ABC, INC.,

      **Defendants.**

CIVIL ACTION NO. 5:22-cv-00212-TES

---

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT TRISTAR PRODUCTS, INC.'S INTERROGATORIES TO PLAINTIFF SHERYL COPELAND

COMES NOW Sheryl Copeland, Plaintiff and responds to Defendant Tristar Products, Inc.'s Interrogatories to Plaintiff Sheryl Copeland as follows:

### PRELIMINARY STATEMENT

#### A.

The following responses are based upon information presently available to Plaintiff which is believed to be correct. Plaintiff has not fully completed the discovery in this action and has not completed preparation for trial. Said responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

#### B.

No incidental or implied admissions of fact by Plaintiff are made by the responses below. The only admissions are express admissions. The fact that Plaintiff has answered by interrogatories herein may not properly be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response



DEFENDANT'S EXHIBIT

4

constitutes admissible evidence.  The fact that Plaintiff has answered part or all of any interrogatory is not intended to, and shall not be, construed as a waiver by this Plaintiff or all or any part of an objection made by Plaintiff to any interrogatory.

**C.**

Answers to these interrogatories may be amended or supplemented upon Plaintiff's further investigation and acquisition of information which Plaintiff either does not possess or recall at this time, strictly in accordance with the Federal Rules of Civil Procedure.

**D.**

The Plaintiff objects to the Preface of Defendant's Interrogatories inasmuch as Defendant's definition of "Plaintiff" seeks knowledge or information from Plaintiff's counsel, agents, servants, employees, representatives, private investigators, and others.  Such a definition would include information obtained in anticipation of litigation and would reflect the mental impressions, conclusions, opinions and legal theories of the person(s) preparing them; additionally, such a request would encompass attorney work product and as such would not be subject to the scope of permissible discovery.

**E.**

The following documents and things are included in the scope of this objection:

(A)     Plaintiff's attorneys' case development plan, trial notebooks, trial preparation materials, and  related documents

(B)     Memos relating to Plaintiff's attorneys' investigation of the facts pertaining to this lawsuit

(C)     Plaintiff's attorneys' computerized case management system;

(D)    Documents relating to communications between Plaintiff and his/her counsel, including client diaries, timelines, written summaries, counsel's case intake sheet, letters and memos of oral communications;

(E)    Documents related to Plaintiff's attorneys' legal and/or medical research;

(F)    Documents relating to interviews with potential witnesses conducted by Plaintiff's counsel and all representatives of same; and

(G)    Documents relating to communications with any expert consultant not expected to be called as an expert witness to testify at trial.

All of these documents and things were made in anticipation of litigation or for trial and are not subject to discovery because they are privileged attorney work product and trial preparation materials. Plaintiff objects to disclosing such information requested unless and until the showing required by the Federal Rules of Civil Procedure is made by the Defendant.

## F.

Plaintiff objects to each and every discovery request to the extent that it, whether standing alone or taken in conjunction with any and all discovery requests, is calculated or would operate to annoy, oppress, unduly burden or unduly cause expense to Plaintiff or would be unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression on the ground that said discovery requests exceed the permissible scope of discovery.

## G.

Plaintiff objects to each and every discovery request to the extent the same requires Plaintiff to respond by disclosing compensation available to Plaintiff from any collateral source

upon the grounds that such information is irrelevant to the subject matter of this action; and, therefore, such discovery requests exceed the permissible scope of discovery.

## I.

This preliminary statement is incorporated into each of the responses set forth below.

## INTERROGATORIES AND RESPONSES

## 1.

Set forth Plaintiff's full name, present address, birth date, current height, current weight, dominant hand and whether ever known by any other names or aliases.

## RESPONSE

| | |
|---|---|
| Plaintiff's Full Name: | Sheryl D. Ashmore Copeland |
| Plaintiff's Present Address: | 389 Borders Road |
| | Fort Valley, GA 31030 |
| Plaintiff's Date of Birth: | December 13, 1963 |
| Plaintiff's Current Height: | 5'4" |
| Plaintiff's Current Weight: | 270 |
| Plaintiff's Dominant Hand: | Left |
| Plaintiff's Aliases: | none |

## 2.

Describe in detail Plaintiff's version of the Accident, setting forth the date, location, time, surroundings, and identifying all other people present when the Accident occurred.

## RESPONSE

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery under the Civil Practice Act and is so broad and all-encompassing that it would include attorney

work product, which is not subject to discovery.  Plaintiff further objects on the grounds that the same is so broad and all-encompassing that it would include information developed during the preparation of this case for trial, which matters are not discoverable by reason of attorney work product privilege.  Subject to and without waiving said objection, but specifically relying thereon, Plaintiffs Edward and Sheryl Copeland were at home preparing dinner on the evening of July 18, 2020.  Plaintiffs prepared a chuck roast by placing the following contents into the pressure cooker: boneless chuck roast; onion quartered; salt, pepper and Italian seasoning; approximately 1-quart beef broth; and water to just below the fill line.  The meat setting was pressed, and the temperature was then set on medium.  The roast cooked for 40-45 minutes, automatically shut off, and Plaintiffs allowed it to rest for 45 minutes to an hour before checking on the contents of the pressure cooker. Plaintiff Edward Copeland slightly jiggled the pressure valve at the top of the pressure cooker to release any steam that might still be inside the pressure cooker.  No steam released, leading Mr. Copeland to believe that the pressure had escaped from the pressure cooker.  Plaintiff Edward Copeland then checked the side of the pressure cooker where the metal safety pin was located. The pin was no longer sticking out, leading Mr. Copeland to believe that there was no steam/pressure inside the pressure cooker.  Plaintiff Edward Copeland gave the lid a very slight turn, and the lid blew off and sprayed all the contents onto both Plaintiffs with Edward Copeland taking the brunt of the exploding contents.

**3.**

Describe in detail what was being cooked in the Product at the time of the Accident and the specific actions that were taken with respect to the Product prior to the Accident.

**RESPONSE**

Please refer to Plaintiff's Interrogatory Response No. 2 which describes the contents being cooked in the Product and the preparation prior to the Accident.

**4.**

Describe when, where, how, why and by whom the Product was purchased and attach copies of any receipts, invoices or other documents relating to the Product's purchase.

**RESPONSE**

Plaintiffs purchased a Power Pressure Cooker XL model PPC-780 pressure cooker online from the product website in approximately 2016. It was purchased for its advertised ease of use, safety features, multiple features, quick cooking, and convenience.

**5.**

Identify the approximate amount of times Plaintiff used the product prior to the date of the accident.

**RESPONSE**

Plaintiffs had used the product approximately 40 to 50 times since its purchase, roughly 10 to 12 times a year.

**6.**

Identify all others (other than Plaintiff) who used the Product prior to the date of the Accident and set forth an approximation of the number of times the product was used by these other users.

**RESPONSE**

None other than Plaintiffs.

**7.**

If the Product was located on a table or countertop at the time of the Accident, set forth the table or counter top's height as measured from the floor and attach a photo depicting the location where the Product was located.

**RESPONSE**

The pressure cooker was located on the kitchen counter in the kitchen. The countertop is 36" high.

**8.**

Did Plaintiff read the owner's manual thoroughly before the date of the Accident?

**RESPONSE**

Yes.

**9.**

Set forth a detailed description of all attempts to manually release the pressure from inside the Product prior to the Accident by Edward Copeland.

**RESPONSE**

Please refer to Plaintiff's response to Interrogatory #2.

**10.**

Set forth a detailed description of the nature, extent and duration of any injuries Plaintiff claims were suffered in the Accident and provide a detailed description of injury or condition claimed to be permanent together with all present complaints.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that she is not a trained medical professional. Subject to and without waiving said objection, but specifically relying thereon,

please refer to the attached medical records of Sheryl Copeland.  Plaintiff Sheryl Copeland suffered from severely painful and disfiguring burns which blistered her breasts, upper chest area, hands, arms and face.  Plaintiff is expected to suffer from permanent scarring and disfigurement for the rest of her life.

**11.**

Describe all treatment received for any injuries suffered in the Accident and identify the name and address of any such health care provider.  Have you ever suffered any other burn injuries to any part of your body?  If so, set forth a detailed description of the nature, extent, and cause of each such burn injury.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome and requires her to provide a detailed description of medical treatment she has received that is described in the attached medical records. Subject to and without waiving said objection, please refer to the attached medical records of Sheryl Copeland.

Other than minor burns she may have experienced throughout her lifetime, Plaintiff Sheryl Copeland has never suffered from any other burn injuries to any part of her body that required treatment in a doctor's office or hospital prior to this incident.

**12.**

Identify each physician, hospital and/or health care provider that performed an examination or provided treatment to plaintiff for a period of ten years before the alleged accident until the day these interrogatories are answered.  Provide dates of examination or treatment and a general statement of the reason/s for the examination or treatment.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds it is overly broad and burdensome in requesting a detailed medical history for the ten years before the date of this incident until the present day.   Subject to and without waiving said objection, Plaintiff's primary care physician is Dr. Joseph Lomboy who she sees for treatment of high blood pressure, pre-diabetes, and routine illnesses. She is treated by Dr. Nisreen Jallad for a-fib. She had gallbladder surgery approximately 10-12 years ago performed by Dr. Depetro at St. Joseph's Hospital in Tampa, FL. She sees Dr. Allison Wright, ob-gyn, in Warner Robins, GA for annual physicals.   She was seen in the Perry Hospital Emergency Department on 7/20/20 and at Doctor's Hospital of Augusta Wound Center from 7/21/20 – 9/22/20 for treatment of burns she sustained in the subject incident. She was admitted to Perry Hospital on 10/20/20 and had surgery performed by Dr. Cabasares for an abscess on her chest in the area where she had suffered burns.  She was discharged on 10/24/20.

**13.**

Give the names and addresses of all pharmacies that plaintiff has purchased prescriptions for any condition whatsoever for the ten-year period prior to the date of the accident alleged in the Complaint, stating the condition for which plaintiff purchased the prescription and the date or dates upon plaintiff purchased the prescription.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome in requesting detailed information related to prescriptions for a period of ten (10) years preceding the accident giving rise to this lawsuit.  Subject to and without waiving said objection, Plaintiff has had her prescriptions filled at: Publix Pharmacy on Hwy 96 in Kathleen, GA and has attached a copy of the record she received from the pharmacy for 2017- 2022.

**14.**

If employed at the time of the accident, state:

    a)  Name and address of employer;

    b)  Position held and nature of work performed;

    c)  Average weekly wages for the two years prior to the Accident;

    d)  Period of time lost from employment, giving dates;

    e)  Amount of net wages lost, if any; and

    f)  If there has been a return to employment, set forth your present weekly wages, earning, income or profit.

**RESPONSE**

Plaintiff has been employed by Mobley Fine Furniture located at 216 Valley Drive, Perry, Georgia, 31069 since February of 2012. Plaintiff is employed as a Customer Service Manager, working 5 days a week, 8 hours a day. Plaintiff's duties are to assist customers in purchasing furniture, ordering furniture, and writing up sales transactions. At the time of the accident, Plaintiff's weekly wages were $630. Plaintiff was absent from work for the following dates: 07/20/2020 through 07/24/2020, 07/30/2020, 08/06/2020, 08/24/2020 and 09/22/2020. Plaintiff's lost wages were approximately $1,134. Plaintiff currently earns $740.38 per week.

**15.**

If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, including but not limited to, the Product, the Accident, the incident scene, or any injuries, describe:

    a)  The number of each;

b)  What each shows or contains;

c)  The date taken or made;

d)  The names and addresses of the persons who made them; and

e)  In whose possession they are at present.

## RESPONSE

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery under the Civil Practice Act and is so broad and all-encompassing that it would include attorney work product, which is not subject to discovery.  Plaintiff further objects on the grounds that the same is so broad and all-encompassing that it would include information developed during the preparation of this case for trial, which matters are not discoverable by reason of attorney work product privilege.  Plaintiff also objects to this interrogatory to the extent that discovery has not yet been completed in this case and as such, Plaintiff is without sufficient knowledge at this time to be able to give a complete and accurate response to Defendant's request.  Subject to and without waiving said objection, but specifically relying thereon, Plaintiff has attached a copy of the owner's manual for the pressure cooker,  and photographs of the pressure cooker, of her injuries, and of the kitchen counter where the pressure cooker was previously used.  Plaintiff's attorneys have possession of the photographs.

## 16.

If you claim that any defendant made admissions as to the subject matter of this lawsuit, state:

a)  The date made;

b)  The name of the person by whom made;

c)  The name and address of the person to whom made;

d) Where made;

e) The name and address of each person present at the time the admission was made;

f) The contents of the admission; and

g) If in writing, attach a copy.

## RESPONSE

Plaintiff objects to this interrogatory to the extent it calls for legal conclusion.

## 17.

If you have in your possession any statement made by this Defendant (including any current or former employees of this Defendant) or from any party or other person related to this action, state:

a) The name and present address of the person who gave the statement;

b) Whether the statement was oral or in writing and if in writing, attach a copy;

c) The date the statement was obtained;

d) If such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it;

e) If the statement was written, whether it was signed by the person making it;

f) The name and address of the person who obtained the statement; and

g) If the statement was oral, a detailed summary of its contents.

## RESPONSE

None at this time.

## 18.

Describe in detail the chain of custody of the product since the date and time of the accident and set forth whether the product has been used, changed, altered, modified or repaired or is in any way different than it was immediately after the accident.

### RESPONSE

The product was delivered to the office of Reynolds, Horne, & Survant who then shipped the product to Dr. John Pratt. The product has not been altered.

### 19.

If you have ever instituted an action at law, civil action or other proceeding in court to recover damages on account of personal injuries, apart from the proceeding herein, please specify the title, filing date, docket number and court where any such action was instituted.

### RESPONSE

None.

### 20.

Set forth the date you first retained a lawyer in connection with this case.

### RESPONSE

Plaintiff objects to this interrogatory to the extent that it is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent that it seeks information that is not relevant to the subject matter of this action and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

### 21.

Identify any complaints made by you related to the product to any company, entity or organization.

## **RESPONSE**

None other than the subject action.

## **22.**

Describe what you observed Edward Copeland do to release the pressure prior to opening the pressure cooker.

## **RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery under the Civil Practice Act and is so broad and all-encompassing that it would include attorney work product, which is not subject to discovery. Plaintiff further objects on the grounds that the same is so broad and all-encompassing that it would include information developed during the preparation of this case for trial, which matters are not discoverable by reason of attorney work product privilege. Subject to and without waiving said objection, but specifically relying thereon, Plaintiffs Edward and Sheryl Copeland were at home preparing dinner on the evening of July 18, 2020. Plaintiffs prepared a chuck roast by placing the following contents into the pressure cooker: boneless chuck roast; onion quartered; salt, pepper and Italian seasoning; approximately 1-quart beef broth; and water to just below the fill line. The meat setting was pressed, and the temperature was then set on medium. The roast cooked for 40-45 minutes, automatically shut off, and Plaintiffs allowed it to rest for 45 minutes to an hour before checking on the contents of the pressure cooker. Plaintiff Edward Copeland slightly jiggled the pressure valve at the top of the pressure cooker to release any steam that might still be inside the pressure cooker. No steam released, leading Mr. Copeland to believe that the pressure had escaped from the pressure cooker. Plaintiff Edward Copeland then checked the side of the pressure cooker where the metal safety pin was located. The pin was no longer sticking out, leading Mr. Copeland to believe that there was no

steam/pressure inside the pressure cooker.  Plaintiff Edward Copeland gave the lid a very slight turn, and the lid blew off and sprayed all the contents onto both Plaintiffs with Edward Copeland taking the brunt of the exploding contents.

This ____ day of October, 2022.

_____
MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Plaintiff's Objections and Responses to Defendant Tristar Products, Inc.'s Interrogatories to Plaintiff Sheryl Copeland*** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Sanja Ghosh

Nelson, Mullins, Riley & Scarborough, LLP

201 17th Street NW, Suite 1700

Atlanta, GA 30363

*Attorney for Tristar Products, Inc.*

This _____ day of ~~October~~ November, 2022.

_____

MARTY K. SENN

Georgia Bar No. 513896

*Attorney for Plaintiffs*

REYNOLDS, HORNE & SURVANT

P.O. Box 26610

Macon, Georgia 31221-6610

(478) 405-0300