# Exhibit K

118th Congress, 1st Session ---------------------------------------- House Document 118–33

## AMENDMENTS TO THE FEDERAL RULES OF EVIDENCE

———

## COMMUNICATION

FROM

## THE CHIEF JUSTICE, THE SUPREME COURT OF THE UNITED STATES

TRANSMITTING

AMENDMENTS TO THE FEDERAL RULES OF EVIDENCE THAT HAS BEEN ADOPTED BY THE SUPREME COURT, PURSUANT TO 28 U.S.C. 2072



APRIL 25, 2023.—Referred to the Committee on the Judiciary and ordered to be printed

———

U.S. GOVERNMENT PUBLISHING OFFICE

39–011           WASHINGTON : 2023

SUPREME COURT OF THE UNITED STATES,
*Washington, DC, April 24, 2023.*

Hon. KEVIN MCCARTHY,
*Speaker, House of Representatives,*
*Washington, DC.*

DEAR MR. SPEAKER: I have the honor to submit to the Congress amendments to the Federal Rules of Evidence that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

Accompanying the amended rules are the following materials that were submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code: a transmittal letter to the Court dated October 19, 2022; a blackline version of the rules with committee notes; an excerpt from the September 2022 report of the Committee on Rules of Practice and Procedure to the Judicial Conference; and an excerpt from the May 2022 report of the Advisory Committee on Evidence Rules.

Sincerely,

JOHN G. ROBERTS, Jr.,
*Chief Justice.*

April 24, 2023

SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  The Federal Rules of Evidence are amended to include amendments to Rules 106, 615, and 702.

*[See infra* pp. ___.1

2.  The foregoing amendments to the Federal Rules of Evidence shall take effect on December 1, 2023, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  THE CHIEF JUSTICE is authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Evidence in accordance with the provisions of Section 2074 of Title 28, United States Code.

4

**PROPOSED AMENDMENTS TO THE
FEDERAL RULES OF EVIDENCE**

**Rule 106.          Remainder of or Related Statements**

      If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

5

FEDERAL RULES OF EVIDENCE

**Rule 615.     Excluding Witnesses from the Courtroom; Preventing an Excluded Witness's Access to Trial Testimony**

**(a)     Excluding Witnesses.** At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other **witnesses'** testimony. Or the court may do so on its **own.** But **this** rule does not authorize excluding:

(1)     a party who is a natural person;

(2)     one officer or employee of a party that is not a natural person if that officer or employee has been designated as the **party's** representative by its attorney;

**(3)**     any person whose presence a party shows to be essential to presenting the party's claim or defense; **or**

(4)     a person authorized by statute to be present

**(b)     Additional Orders to Prevent Disclosing and Accessing Testimony.** An order under **(a)** operates

6

FEDERAL RULES OF EVIDENCE                    3

only to exclude witnesses from the courtroom. But the
court may also, by order:

(1)     prohibit disclosure of trial testimony to
        witnesses who are excluded from the
        courtroom; and

(2)     prohibit excluded witnesses from accessing
        trial testimony.

7

4                     FEDERAL RULES OF EVIDENCE

Rule 702.        Testimony by Expert Witnesses

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)    the testimony is based on sufficient facts or data;

(c)    the testimony is the product of reliable principles and methods; and

(d)    the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

**8**



JUDICIAL CONFERENCE OF THE UNITED STATES

**WASHING'I ON, D.C** 20544

HONOR.U4LE ROSL1NN K NIAL
*Srt. r*

October 19, 2022

MEMORANDUM

To:        The Chief Justice of the United States
           The Associate Justices of the Supreme Court

From:      Judge Roslynn R. Mauskopf        *2lew-o0-•₇₇e*

RE:        TRANSMITTAL OF PROPOSED AMENDMENTS TO THE FEDERAL
           RULES OF EVIDENCE

    By direction of the Judicial Conference of the United States, pursuant to
the authority conferred by 28 U.S.C. § 331, I transmit for the Court's
consideration proposed amendments to Rules 106, 615, and 702 of the Federal
Rules of Evidence, which have been approved by the Judicial Conference. The
Judicial Conference recommends that the amendments be adopted by the Court
and transmitted to Congress pursuant to law.

    For your assistance in considering the proposed amendments, I am transmitting
(i) clean and blackline copies of the amended rules along with committee notes:
(ii) an excerpt from the September 2022 report of the Committee on Rules of
Practice and Procedure to the Judicial Conference: and (iii) an excerpt from the
May 2022 report of the Advisory Committee on Evidence Rules.

Attachments

9

### PROPOSED AMENDMENTS TO THE
### FEDERAL RULES OF EVIDENCE'

**Rule 106.**    **Remainder of or Related <u>Writings or</u>**
2    **<u>Recorded</u> Statements**

3    If a party introduces all or part of a <u>writing or</u>

4    <u>recorded</u> statement, an adverse party may require the

5    introduction, at that time, of any other part—or any other

6    <u>writing or recorded</u> statement—that in fairness ought to be

7    considered at the same time. <u>The adverse party may do **so**</u>

8    <u>over a hearsay objection.</u>

**Committee Note**

Rule 106 has been amended in two respects:

(1) First, the amendment provides that if the existing
fairness standard requires completion, then that completing
statement is admissible over a hearsay objection. Courts have
been in conflict over whether completing evidence properly
required for completion under Rule 106 can be admitted
over a hearsay objection. The Committee has determined
that the rule of completeness, grounded in fairness, cannot
fulfill its function if the party that creates a misimpression
about the meaning of a proffered statement can then object
on hearsay grounds and exclude a statement that would
correct the misimpression. *See United States r.*

---

'**New** material is underlined; matter to be omitted is
lined through.

10

2                        FEDERAL RULES OF EVIDENCE

*Sutton,* 801 F.2d 1346, 1368 (D.C. Cir. 1986) (noting that "[a] contrary construction raises the specter of distorted and misleading trials, and creates difficulties for both litigants and the trial court"). For example, assume the defendant in a murder case admits that he owned the murder weapon, but also simultaneously states that he sold it months before the murder. In this circumstance, admitting only the statement of ownership creates a misimpression because it suggests that the defendant implied that he owned the weapon at the time of the crime—when that is not what he said. In this example the prosecution, which has created the situation that makes completion necessary, should not be permitted to invoke the hearsay rule and thereby allow the misleading statement to remain unrebutted. A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression. For similar results see Rules 502(a), 410(b)(1), and 804(b)(6).

The courts that have permitted completion over hearsay objections have not usually specified whether the completing remainder may be used for its truth or only for its non-hearsay value in showing context. Under the amended rule, the use to which a completing statement can be put will depend on the circumstances. In some cases, completion will be sufficient for the proponent of the completing statement if it is admitted to provide context for the initially proffered statement. In such situations, the completing statement is properly admitted over a hearsay objection because it is offered for a non-hearsay purpose. An example would be a completing statement that corrects a misimpression about what a party heard before undertaking a disputed action, where the party's state of mind is relevant. The completing statement in this example is admitted only to show what the party actually heard, regardless of the underlying tnith of the completing statement. But in some

11

FEDERAL RULES OF EVIDENCE                    3

cases, a completing statement places an initially proffered statement in context only if the completing statement is true. An example is the defendant in a murder case who admits that he owned the murder weapon, but also simultaneously states that he sold it months before the murder. The statement about selling the weapon corrects a misimpression only if it is offered for its truth. In such cases, Rule 106 operates to allow the completing statement to be offered as proof of a fact.

(2) Second, Rule 106 has been amended to cover all statements, including oral statements that have not been recorded. Most courts have already found unrecorded completing statements to be admissible under either Rule 611(a) or the common-law rule of completeness. This procedure, while reaching the correct result, is cumbersome and creates a trap for the unwary. Most questions of completion arise when a statement is offered in the heat of trial—where neither the parties nor the court should be expected to consider the nuances of Rule 611(a) or the common law in resolving completeness questions. The amendment, as a matter of convenience, covers these questions under one rule. The rule is expanded to now cover all statements, in any form -- including statements made through conduct or sign language.

The original committee note cites "practical reasons" for limiting the coverage of the rule to writings and recordings. To the extent that the concern was about disputes over the content or existence of an unrecorded statement, that concern does not justify excluding all unrecorded statements completely from the coverage of the rule. *See United Slaws v. Bailey,* 2017 WL 5126163, at *7 (D. Md. Nov. 16, 2017) ("A blanket rule of prohibition is unwarranted, and invites abuse. Moreover, if the content of some oral statements are disputed and difficult to prove,

12

others are not—because they have been summarized . . . , or because they were witnessed by enough people to assure that what was actually said can be established with sufficient certainty."). A party seeking completion with an unrecorded statement would of course need to provide admissible evidence that the statement was made. Otherwise, there would be no showing that the original statement is misleading, and the request for completion should be denied. In some cases, the court may find that the difficulty in proving.the completing statement substantially outweighs its probative value—in which case exclusion is possible under Rule 403.

The rule retains the language that completion is made at the time the original portion is introduced. That said, many courts have held that the trial court has discretion to allow completion at a later point. *See, e.g., Phoenix Assocs. III v. Stone,* 60 F.3d 95, 103 (2d Cir. 1995) ("While the wording of Rule 106 appears to require the adverse party to proffer the associated document or portion contemporaneously with the introduction of the primary document, we have not applied this requirement rigidly "). Nothing in the amendment is intended to limit the court's discretion to allow completion at a later point.

The intent of the amendment is to displace the common-law rule of completeness. In *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 171-72 (1988), the Court in dictum referred to Rule 106 as a partial codification of the common-law rule of completeness. There is no other rule of evidence that is interpreted as coexisting with common-law rules of evidence, and the practical problem of a rule of evidence operating with a common-law supplement is apparent—especially when the rule is one, like the rule of completeness, that arises most often during the trial.

13

FEDERAL RULES OF EVIDENCE                    5

The amendment does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106. So, for example, the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial. *See United States v. Williams,* 930 F.3d 44 (2d Cir. 2019)

14

**PROPOSED AMENDMENTS TO THE**
**FEDERAL RULES OF EVIDENCE[1]**

1    **Rule 615.**          **Excluding Witnesses <u>from the Courtroom;</u>**
2                                   **<u>Preventing an Excluded Witness's Access</u>**
3                                   **<u>to Trial Testimony</u>**

4    <u>**(a)**</u>            **<u>Excluding Witnesses.</u>** At a party's request, the court

5                          must order witnesses excluded <u>from the courtroom</u>

6                          so that they cannot hear other witnesses' testimony.

7                          Or the court may do so on its own. **But** this rule does

8                  not authorize excluding·

9            faiin    a party who is a natural person;

10   ~~**(b)**~~**(2)**    <u>ax</u>  one officer or employee of a party that

11                         is not a natural person, <u>after being</u>, ~~if that~~

12                         <u>officer or employee has been</u> designated as

13                         the party's representative by its attorney; a<u>-</u>

14   ~~**(c)**~~**(3)**    <u>any</u> person whose presence a **party** shows

15                         to  be  essential  to  presenting  the  party's

16                         claim or defense, or

---

New material is underlined; matter to be omitted is lined through.

15

2                        FEDERAL RULES OF EVIDENCE

17          (4)L41 a person authorized by statute to be present.

18    **OA    Additional Orders to Prevent Disclosing and**

19          **Accessing Testimony.** An order under (a) operates

20          only to exclude witnesses from the courtroom. But

11          the court may also. by order:

22          (1)    prohibit disclosure of trial testimony to

23                 witnesses who are excluded from the

24                 courtroom; and

25          **(2)**    prohibit excluded witnesses from accessing

26                 trial testimony.

**Committee Note**

Rule 615 has been amended for two purposes:

(1) Most importantly, the amendment clarifies that
the court, in entering an order under this rule, may also
prohibit excluded witnesses from learning about, obtaining,
or being provided with trial testimony. Many courts have
found that a "Rule 615 order" extends beyond the
courtroom, to prohibit excluded witnesses from obtaining
access to or being provided with trial testimony. But the
terms of the rule did not so provide; and other courts have
held that a Rule 615 order was limited to exclusion of
witnesses from the trial. On the one hand, the courts
extending Rule 615 beyond courtroom exclusion properly
recognized that the core purpose of the rule is to prevent

16

FEDERAL RULES OF EVIDENCE                3

witnesses from tailoring their testimony to the evidence presented at trial—and that purpose can only be effectuated by regulating out-of-court exposure to trial testimony. *See United States v. Robertson,* 895 F.3d 1206, 1215 (9th Cir. 2018) ("The danger that earlier testimony could improperly shape later testimony is equally present whether the witness hears that testimony in court or reads it from a transcript."). On the other hand, a rule extending an often vague "Rule 615 order" outside the courtroom raised questions of fair notice, given that the text of the rule itself was limited to exclusion of witnesses from the courtroom.

An order under subdivision (a) operates only to exclude witnesses from the courtroom. This includes exclusion of witnesses from a virtual trial Subdivision (b) emphasizes that the court may by order extend the sequestration beyond the courtroom, to prohibit those subject to the order from disclosing trial testimony to excluded witnesses, as well as to directly prohibit excluded witnesses from trying to access trial testimony. Such an extension is often necessary to further the rule's policy of preventing tailoring of testimony.

The rule gives the court discretion to determine what requirements, if any, are appropriate in a particular case to protect against the risk that witnesses excluded from the courtroom will obtain trial testimony.

Nothing in the language of the rule bars a court from prohibiting counsel from disclosing trial testimony to a sequestered witness. To the extent that an order governing counsel's disclosure of trial testimony to prepare a witness raises questions of professional responsibility and effective assistance of counsel, as well as the right to confrontation in criminal cases, the court should address those questions on a case-by-case basis.

17

4                    FEDERAL RULES OF EVIDENCE

(2) Second, the rule has been amended to clarify that the exception from exclusion for entity representatives is limited to one designated representative per entity. This limitation, which has been followed by most courts, generally provides parity for individual and entity parties. The rule does not prohibit the court from exercising discretion to allow an entity-party to swap one representative for another as the trial progresses, so long as only one witness-representative is exempt at any one time. If an entity seeks to have more than one witness-representative protected from exclusion, it needs to show under subdivision (a)(3) that the witness is essential to presenting the party's claim or defense. Nothing in this amendment prohibits a court from exempting from exclusion multiple witnesses if they are found essential under (a)(3)

18

PROPOSED AMENDMENTS TO THE
FEDERAL RULES OF EVIDENCE'

1    Rule 702.        Testimony by Expert Witnesses

2              A witness who is qualified as an expert by

3    knowledge, skill, experience, training, or education may

4    testify in the form of an opinion or otherwise if the
proponent

5    demonstrates to the court that it is more likely than not that:

6        **(a)**        the expert's scientific, technical, or other

7                        specialized knowledge will help the trier of

8                        fact to understand the evidence or to

9                        determine a fact in issue;

10        (b)        the testimony is based on sufficient facts or

11                        data;

12        (c)        the testimony is the product of reliable

13                        principles and methods; and

14        **(d)        the** expert has reliably applied expert's

**15**                        opinion reflects a reliable application of  the

_____

        New material is underlined: matter to be omitted is lined
through.

19

FEDERAL RULES OF EVIDENCE

16          principles and methods to the facts of the

17          case.

Committee Note

Rule 702 has been amended in two respects:

(1) First, the rule has been amended to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule. *See* Rule 104(a). This is the preponderance of the evidence standard that applies to most of the admissibility requirements set forth in the evidence rules. *See Bourjaily v. United States,* 483 U.S. 171 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."), *Huddlestott v. United States,* 485 U.S. 681, 687 n.5 (1988) ("preliminary factual findings under Rule 104(a) are subject to the preponderance-of-the-evidence standard"). But many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a).

There is no intent to raise any negative inference regarding the applicability of the Rule 104(a) standard of proof for other rules. The Committee concluded that emphasizing the preponderance standard in Rule 702 specifically was made necessary by the courts that have failed to apply correctly the reliability requirements of that

rule. Nor does the amendment require that the court make a finding of reliability in the absence of objection.

The amendment clarifies that the preponderance standard applies to the three reliability-based requirements added in 2000—requirements that many courts have incorrectly determined to be governed by the more permissive Rule 104(b) standard. But it remains the case that other admissibility requirements in the rule (such as that the expert must be qualified and the expert's testimony must help the trier of fact) are governed by the Rule 104(a) standard as well.

Some challenges to expert testimony will raise matters of weight rather than admissibility even under the Rule 104(a) standard. For example, if the court finds it more likely than not that an expert has a sufficient basis to support an opinion, the fact that the expert has not read every single study that exists will raise a question of weight and not admissibility. But this does not mean, as certain courts have held, that arguments about the sufficiency of an expert's basis always go to weight and not admissibility. Rather it means that once the court has found it more likely than not that the admissibility requirement has been met, any attack by the opponent will go only to the weight of the evidence.

It will often occur that experts come to different conclusions based on contested sets of facts. Where that is so, the Rule 104(a) standard does not necessarily require exclusion of either side's experts. Rather, by deciding the disputed facts, the jury can decide which side's experts to credit. "[P]roponents `do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable. . . . The evidentiary requirement of

21

4                                    FEDERAL RULES OF EVIDENCE

reliability is lower than the merits standard of correctness."
Advisory Committee Note to the 2300 amendment to Rule
702, quoting *In re Pao/i R.R. Yard PCB Litigation,* 35 F.3d
717, 744 (3d Cir. 1994).

    Rule 702 requires that the expert's knowledge "help"
the trier of fact to understand the evidence or to determine a
fact in issue. Unfortunately, some courts have required the
expert's testimony to "appreciably help" the trier of fact.
Applying a higher standard than helpfulness to otherwise
reliable expert testimony is unnecessarily strict.

    (2) Rule 702(d) has also been amended to emphasize
that each expert opinion must stay within the bounds of what
can be concluded from a reliable application of the expert's
basis and methodology. Judicial gatekeeping is essential
because just as jurors may be unable, due to lack of
specialized knowledge, to evaluate meaningfully the
reliability of scientific and other methods underlying expert
opinion, jurors may also lack the specialized knowledge to
determine whether the conclusions of an expert go beyond
what the expert's basis and methodology may reliably
support.

    The amendment is especially pertinent to the
testimony of forensic experts in both criminal and civil cases.
Forensic experts should avoid assertions of absolute or one
hundred percent certainty—or to a reasonable degree of
scientific certainty—if the methodology is subjective and
thus potentially subject to error. In deciding whether to admit
forensic expert testimony, the judge should (where possible)
receive an estimate of the known or potential rate of error of
the methodology employed, based (where appropriate) on
studies that reflect how often the method produces accurate
results. Expert opinion testimony regarding the weight of
feature comparison evidence (i.e., evidence that a set of

22

FEDERAL RULES OF EVIDENCE                    5

features corresponds between two examined items) must be limited to those inferences that can reasonably be drawn from a reliable application of the principles and methods. This amendment does not, however, bar testimony that comports with substantive law requiring opinions to a particular degree of certainty.

Nothing in the amendment imposes any new, specific procedures. Rather, the amendment is simply intended to clarify that Rule 104(a)'s requirement applies to expert opinions under Rule 702. Similarly, nothing in the amendment requires the court to nitpick an expert's opinion in order to reach a perfect expression of what the basis and methodology can support. The Rule 104(a) standard does not require perfection. On the other hand, it does not permit the expert to make claims that are unsupported by the expert's basis and methodology.

23

Excerpt from the September 2022 Report of the Committee on Rules of Practice and Procedure

▪ ▪ ▪ ▪

**REPORT OF THE JUDICIAL CONFERENCE**

**COMMITTEE ON RULES OF PRACTICE AND PROCEDURE**

**TO THE CHIEF JUSTICE OF THE UNITED STATES AND MEMBERS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES:**

**FEDERAL RULES OF EVIDENCE**

*Rules Recommended for Approval and Transmission*

The **Advisory Committee on Evidence Rules** recommended **for final approval proposed amendments to Evidence Rules 106, 615, and 702.**

**Rule 106 (Remainder of or Related Writings or Recorded Statements)**

The proposed amendment to Rule 106 — **the rule of completeness — would allow any completing statement to be admitted over a hearsay objection and would cover all statements, whether or not recorded. The overriding goal of the amendment is to treat all questions of completeness in a single rule. That is particularly important because completeness questions often** arise at trial, **and so it is important for the parties and the court to be able to refer to a single rule to** govern **admissibility. The amendment is intended to displace the common law, just as the common law has been displaced by all of the other Federal Rules of Evidence.**

**The Advisory Committee received only a few public comments on the proposed changes to Rule 106. As published, the amendment would have inserted the words "written or oral" before "statement" so as to address the rule's applicability to unrecorded oral statements. After public comment,** the **Advisory Committee deleted the phrase "written or oral" to make clear that**

**NOTICE**
NO **REC OMMENDATIONS PRESENTED HEREIN REPRESENT THE POLICY OF THE .RTIKTAL CONFEREM E UNLESS APPROVED BY THE CONFERENCE ITSELF.**

24

**Excerpt from the September 2022 Report of the Committee on Rules of Practice and Procedure**

Rule 106 applies to all statements, including statements — such as those made through conduct or through sign language — that are neither written nor oral.

Rule 615 (Excluding Witnesses)

The proposed amendments to Rule 615 would limit an exclusion order under the existing rule (which would be re-numbered Rule 615(a)) to exclusion of witnesses from the courtroom, and would add a new subdivision (b) that would provide that the court has discretion to issue further orders to "( I) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and (2) prohibit excluded witnesses from accessing trial testimony." Under the proposed amendments, if a court wants to do more than exclude witnesses from the courtroom, the court must so order. In addition, the proposed amendments would clarify that the existing provision that allows an entity-party to designate "an officer or employee" to be exempt from exclusion is limited to one officer or employee. The rationale is that the exemption is intended to put entities on par with individual parties, who cannot be excluded under Rule 615. Allowing the entity more than one exemption is inconsistent with that rationale. In response to public comments, the Advisory Committee made two minor changes to the committee note (replacing the word "agent" with the word "representative" and deleting a case citation). The Standing Committee, in turn, revised three sentences in the committee note (including the sentence addressing orders governing counsel's disclosure of testimony for witness preparation. Rule 702 (Testimony by Expert Witnesses)

The proposed amendments to Rule 702's first paragraph and to Rule 702(d) are the product of Advisory Committee work dating back to 2016. As amended, Rule 702(d) would require the proponent to demonstrate to the court that "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." This language would more clearly empower the court to pass judgment on the conclusion that the expert has drawn from the

25

Excerpt from the September 2022 Report of the Committee on Rules of Practice and Procedure

methodology. In addition, the proposed amendments as published would have required that "the proponent has demonstrated by a preponderance of the evidence" that the requirements in Rule 702(a) — (d) have been met. This language was designed to reject the view of some courts that the reliability requirements set forth in Rule 702(b) and (d) — that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology to the facts — are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. With this language, the Advisory Committee sought to explicitly weave the Rule I 04(a) standard into the text of Rule 702.

More than 500 comments were received on the proposed amendments to Rule 702. In addition, a number of comments were received at a public hearing. Many of the comments opposed the amendment, and the opposition was especially directed toward the phrase "preponderance of the evidence." Another suggestion in the public comment was that the rule should clarify that it is the court and not the jury that must decide whether it is more likely than not that the reliability requirements of the rule have been met. The Advisory Committee carefully considered the public comments and determined to replace "the proponent has demonstrated by a preponderance of the evidence" with "the proponent demonstrates to the court that it is more likely than not" that the reliability requirements are met. The Advisory Committee also made a number of changes to the committee note, and the Standing Committee, in its turn, made one minor edit to the committee note.

After making the changes, noted above, to the committee notes for Rules 615 and 702, the Standing Committee unanimously approved the proposed amendments to Rules 106, 615, and 702.

Recommendation: That the Judicial Conference approve the proposed amendments to Evidence Rules 106, 615, and 702, as set forth in Appendix E, and transmit them to the Supreme Court for consideration with a recommendation that

26

Excerpt from the September 2022 Report of the Committee on Rules of Practice and Procedure

they be adopted by the Court and transmitted to Congress in accordance with the law.

\* \* \* \*\*

Respectfully submitted,

j
**John D.** Bates. Chair

| | |
|---|---|
| **Elizabeth J. Cabraser** | **Troy A. McKenzie** |
| **Jesse M. Furman** | **Patricia Ann M il lett** |
| **Robert J. Giuffra, Jr.** | **Lisa 0. Monaco** |
| **Frank Mays** Hull | **Gene E.K. Pratter** |
| **William J. Kayatta,** | **Kosta Stojilkovic** |
| **Jr. Peter D. Keisler** | **Jennifer G Zipps** |
| **Carolyn B. Kuhl** | |

\* \* \* \* \*

**27**

Excerpt from the May IS, 2022 Report of the Advisory Committee on Evidence Rules

COMMITTEE ON RULES OF PRACTICE AND **PROCEDURE**
**OF THE**
JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

**JOHN D. BATES**
**CHAIR**

**CHAIRS OF ADVISORY COMMITTEES**

**JAY S. BYBEE**
**APPELLATE RULES**

**DENNIS R. DOW**
**BANKRUPTCY RULES**

**ROBERT M. DOW,**
**JR CP, 11.**

**RAYMOND M. KETHLEDGE**
**CRIMINAL RULES**

**PATRICK J. SCHILTZ**
EVIDENCE R21. CS

MEMORANDUM

TO:          Honorable John D. Bates, Chair
             Standing Committee on Rules of Practice and Procedure

FROM:     Honorable Patrick J. Schiltz, Chair
             Advisory Committee on Evidence Rules

RE:          Report of the Advisory Committee on Evidence Rules

DATE:     May 15, 2022

## I. Introduction

The Advisory Committee on Evidence Rules (the "Committee") met in Washington, D.C. on May 6, 2021. At the meeting the Committee discussed and gave final approval to three proposed amendments that had been released for public comment. The Committee also considered and approved six proposed amendments with the recommendation that they be released for public comment.

28

Excerpt from the May 15, 2022 Report of the Advisory Committee on Evidence Rules

The Committee made the following determinations at the meeting:

• It unanimously approved proposed amendments to Rules 106, 615, and 702, and recommends to the Standing Committee that they be transmitted to the Judicial Conference.

A full description of all of these matters can be found in the draft minutes of the Committee meeting, attached to this Report. The proposed amendments can also be found as attachments to this Report.

## II. Action Items

### A. Proposed Amendment to Rule 106, for Final Approval

At the suggestion of Judge Paul Grimm, the Committee has for the last five years considered and discussed whether Rule 106 --- the rule of completeness --- should be amended. Rule 106 provides that if a party introduces all or part of a written or recorded statement in such a way as to be misleading, the opponent may introduce a completing statement that would correct the misimpression. The Committee has considered whether Rule 106 should be amended in two respects: 1) to provide that a completing statement is admissible over a hearsay objection; and 2) to expand the rule to cover unrecorded oral statements, as well as written and recorded statements.

The courts are not uniform in their treatment of these issues. On the hearsay question, some courts have held that when a party introduces a portion of a statement that is misleading, that party can still object, on hearsay grounds, to completing evidence that corrects the misimpression. Other courts have held essentially that if a party introduces a portion of a statement in a manner that misleads the factfinder, that party forfeits the right to object to introduction of other portions of that statement when that is necessary to remedy the misimpression. As to unrecorded oral statements, most courts have found that when necessary to complete, such statements are admissible either under Rule 611(a) or under the common law rule of completeness.

After much discussion and consideration, the Committee in Spring, 2021 unanimously approved an amendment for release for public comment. The proposal released for public comment allows the completing statement to be admitted over a hearsay objection and covers unrecorded oral statements.

The overriding goal of the amendment is to treat all questions of completeness in a single rule. That is particularly important because completeness questions often arise at trial, and so it is important for the parties and the court to be able to refer to a single rule to govern admissibility. What has been particularly confusing to courts and practitioners is that Rule 106 has been considered a "partial codification" of the common law --- meaning that the parties must be aware that common law may still be invoked. As stated in the Committee Note, the amendment is intended to displace the common law, just as the common law has been displaced by all of the other Federal Rules of Evidence.

29

Excerpt from the May IS, 2022 Report of the Ads isory Committee on Evidence Rules

As to admissibility of out-of-court statements, the amendment takes the position that the proponent, by introducing part of a statement in a misleading manner, forfeits the right to foreclose admission of a remainder that is necessary to remedy the misimpression. Simple notions of fairness, already embodied in Rule 106, dictate that a misleading presentation cannot stand unrebutted. The amendment leaves it up to the court to determine whether the completing remainder will be admissible to prove a fact (a hearsay use) or simply to provide context (a non-hearsay use). Either usage is encompassed within the rule terminology --- that the completing remainder is admissible "over a hearsay objection."

As to unrecorded oral statements, most courts already admit such statements when necessary to complete -- they just do so under a different evidence rule or under the common law. The Committee was convinced that covering unrecorded oral statements under Rule 106 would be a user-friendly change, especially because the existing hodgepodge of coverage of unrecorded statements presents a trap for the unwary. As stated above, the fact that completeness questions almost always arise at trial means that parties can be expected to quickly get an answer from the common law, or from a rule such as Rule 611(a) that does not specifically deal with completeness.

It is important to note that nothing in the amendment changes the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a completing statement that in fact corrects the misimpression. So, the mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106.

The Committee received only a few public comments on the proposed changes to Rule 106. All comments were in favor of the proposed amendment, with a couple of comments providing some suggestions for minor changes. After considering the public comment, the Committee unanimously approved a slight change to the proposal: deletion of the phrase "written or oral," which makes clear that Rule 106 applies to all statements, including those that are not written or oral. The Committee determined that statements made through conduct, or through sign language, should be covered by the rule of completeness, as there was no reason to distinguish such statements from those that are written or oral. The proposed Committee Note was slightly revised to accord with the change in text.

*At its Spring 2022 meeting, the Committee unanimously gave final approval to the proposed amendment to Rule 106. The C'ominittee recommends that the proposed amendment, and the accompanying Committee Note, be approved by the Standing Committee and referred to the Judicial Conference.*

The proposed amendment to Rule 106, together with the proposed Committee Note, the GAP report, and the summary of public comment, is attached to this Report.

B. **Proposed Amendment to Rule 615, for Final Approval**

Rule 615 provides for court orders excluding witnesses so that they "cannot hear other witnesses' testimony." The Committee determined that there are problems raised in the case law

30

Excerpt from the May 15, 2022 Report of the Advisory Committee on Evidence Rules

and in practice regarding the scope of a Rule 615 order: does it apply only to exclude witnesses from the courtroom (as stated in the text of the rule) or does it extend outside the confines of the courtroom to prevent prospective witnesses from obtaining or being provided trial testimony? Most courts have held that a Rule 615 order extends to prevent access to trial testimony outside of the courtroom, because exclusion from the courtroom is not sufficient to protect against the risk of witnesses tailoring their testimony after obtaining access to trial testimony. But other courts have read the rule as it is written.

After extensive consideration and research over four years, the Committee agreed on an amendment that would clarify the extent of an order under Rule 615. Committee members have noted that where parties can be held in contempt for violating a court order, due process requires that the order be clear if it seeks to do more than exclude witnesses from the courtroom. The Committee's investigation of this problem is consistent with its ongoing efforts to ensure that the Evidence Rules are keeping up with technological advancement, given the increased possibility of witness access to information about testimony through news, social media, YouTube, or daily transcripts.

At its Spring, 2021 meeting the Committee unanimously voted in favor of an amendment to Rule 615. That amendment, released for public comment in August, 2021, limits an exclusion order to just that --- exclusion of witnesses from the courtroom. But a new subdivision provides that the court has discretion to issue further orders to "(1 ) prohibit disclosure of trial testimony to witnesses who are excluded from the courtroom; and (2) prohibit excluded witnesses from accessing trial testimony." In other words, if a court wants to do more than exclude witnesses from the courtroom, the court must say so.

The Committee also considered whether an amendment to Rule 615 should address orders that prohibit counsel from referring to trial testimony while preparing prospective witnesses. The Committee resolved that any amendment to Rule 615 should not mention trial counsel in text, because the question of whether counsel can use trial testimony to prepare witnesses raises issues of professional responsibility and the right to counsel that are beyond the purview of the Evidence Rules. Judges must address these issues on a case-by-case basis.

Finally, the Committee approved an additional amendment to the existing provision that allows an entity-party to designate "an officer or employee" to be exempt from exclusion. There is some dispute in the courts about whether the entity-party is limited to one such exemption or is entitled to more than one. The amendment clarifies that the exemption is limited to one officer or employee. The rationale is that the exemption is intended to put entities on a par with individual parties, who cannot be excluded under Rule 615. Allowing the entity more than one exemption is inconsistent with that rationale.

As noted, these proposed changes to Rule 615 were released for public comment in August, 2021. Only a few public comments were received. All were supportive of the amendment, with two comments suggesting minor changes. In response to the public comment, the Committee made two minor changes the Committee Note to the proposed amendment.

3 1

Excerpt from the May 15, 2022 Report of the Advisor Committee on Evidence Rules

*At **its Spring 2022 meeting, the Committee unanimously gave final approval to the proposed amendment to Rule 615. The Committee recommends that the proposed amendment, and the accompanying Committee Note, be approved by the Standing Committee and referred to the Judicial Conference.***

The proposed amendment to Rule 615, together with the Committee Note, the GAP report, and the summary of public comment, is attached to this Report.

## C. Proposed Amendment to Rule 702, for Final Approval

The Committee has been researching and discussing the possibility of an amendment to Rule 702 for five years. The project began with a Symposium on forensic experts and *Dauber!,* held at Boston College School of Law in October, 2017. That Symposium addressed, among other things, the challenges to forensic evidence raised in a report by the President's Council of Advisors on Science and Technology. A Subcommittee on Rule 702 was appointed to consider possible treatment of forensic experts, as well as the weight/admissibility question discussed below. The Subcommittee, after extensive discussion, recommended against certain courses of action. The Subcommittee found that: I) It would be difficult to draft a freestanding rule on forensic expert testimony, because any such amendment would have an inevitable and problematic overlap with Rule 702; and 2) It would not be advisable to set forth detailed requirements for forensic evidence either in text or Committee Note because such a project would require extensive input from the scientific community, and there is substantial debate about what requirements are appropriate.

The full Committee agreed with these suggestions. But the Subcommittee did express interest in considering an amendment to Rule 702 that would focus on one important aspect of forensic expert testimony --- the problem of overstating results (for example, an expert claiming that her opinion has a "zero error rate", where that conclusion is not supportable by the expert's methodology). The Committee heard extensively from DOJ on the important efforts it is now employing to regulate the testimony of its forensic experts, and to limit possible overstatement.

The Committee considered a proposal to add a new subdivision (e) to Rule 702 that would essentially prohibit any expert from drawing a conclusion overstating what could actually be concluded from a reliable application of a reliable methodology. But a majority of the members decided that the amendment would be problematic, because Rule 702(d) already requires that the expert must reliably apply a reliable methodology. If an expert overstates what can be reliably concluded (such as a forensic expert saying the rate of error is zero) then the expert's opinion should be excluded under Rule 702(d). The Committee was also concerned about the possible unintended consequences of adding an overstatement provision that would be applied to all experts, not just forensic experts.

The Committee, however, unanimously favored a slight change to existing Rule 702(d) that would emphasize that the court must focus on the expert's opinion, and must find that the opinion actually proceeds from a reliable application of the methodology. The Committee unanimously approved a proposal—released for public comment in August, 202 I --- that would amend Rule 702(d) to require the court to find that "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." As the Committee Note

32

elaborates: "A testifying expert's opinion must stay within the bounds of what can be concluded by a reliable application of the expert's basis and methodology." The language of the amendment more clearly empowers the court to pass judgment on the conclusion that the expert has drawn from the methodology. Thus the amendment is consistent with *General Electric Co., v. Joiner*, 522 U.S. 136 (1997), in which the Court declared that a trial court must consider not only the expert's methodology but also the expert's conclusion, that is because the methodology must not only be reliable, it must be reliably applied.

Finally, the Committee resolved to respond to the fact that many courts have declared that the reliability requirements set forth in Rule 702(b) and (d) --- that the expert has relied on sufficient facts or *data* and has reliably applied a reliable methodology --- are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. These statements misstate Rule 702, because its admissibility requirements must be established to a court by a preponderance of the evidence. The Committee concluded that in a fair number of cases, the courts have found expert testimony admissible even though the proponent has not satisfied the Rule 702(b) and (d) requirements by a preponderance of the evidence --- essentially treating these questions as ones of weight rather than admissibility, which is contrary to the Supreme Court's holdings that under Rule 104(a), admissibility requirements are to be determined by court under the preponderance standard.

Initially, the Committee was reluctant to propose a change to the text of Rule 702 to address these mistakes as to the proper standard of admissibility, in part because the preponderance of the evidence standard applies to almost all evidentiary determinations, and specifying that standard in one rule might raise negative inferences as to other rules. But ultimately the Committee unanimously agreed that explicitly weaving the Rule I 04(a) standard into the text of Rule 702 would be a substantial improvement that would address an important conflict among the courts. While it is true that the Rule 104(a) preponderance of the evidence standard applies to Rule 702 as well as other rules, it is with respect to the reliability requirements of expert testimony that many courts are misapplying that standard. Moreover, it takes some effort to determine the applicable standard of proof --- Rule 104(a) does not mention the applicable standard of proof, requiring a resort to case law. And while *Dauber!* mentions the standard, *&when* does so only in a footnote in the midst of much discussion about the liberal standards of the Federal Rules of Evidence. Consequently, the Committee unanimously approved an amendment for public comment that would explicitly add the preponderance of the evidence standard to Rule 702(b)-(d). The language of the proposal released for public comment required that "the proponent has demonstrated by a preponderance of the evidence" that the reliability requirements of Rule 702 have been met. The Committee Note to the proposal made clear that there is no intent to raise any negative inference regarding the applicability of the Rule I 04(a) standard of proof to other rules --- emphasizing that incorporating the preponderance standard into the text of Rule 702 was made necessary by the decisions that have failed to apply it to the reliability requirements of Rule 702.

More than 500 comments were received on the proposed amendments to Rule 702. In addition, a number of comments were received at a public hearing held on the rule. Many of the comments were opposed to the amendment, and almost all of the fire was directed toward the term "preponderance of the evidence." Some thought that "preponderance of the evidence" would limit the court to considering only *admissible* evidence at the *ambert* hearing. Others thought that the

33

**Excerpt from the May 15, 2022 Report of the Athisory Committee on Esidence Rules**

term represented a shift from the jury to the judge as factfinder. By contrast, commentators who supported the amendment argued that the amendment should go further and clarify that it is the court, not the jury, that decides admissibility.

The Committee carefully considered the public comments. The Committee does not agree that the preponderance of the evidence standard would limit the court to considering only admissible evidence; the plain language of Rule 104(a) allows the court deciding admissibility to consider inadmissible evidence. Nor did the Committee believe that the use of the term preponderance of the evidence would shift the factfinding role from the jury to the judge, for the simple reason that, when it comes to making preliminary determinations about admissibility, the judge *is* and *always has heen* a factfinder.

But while disagreeing with these comments, the Committee recognized that it would **be** possible to replace the term "preponderance of the evidence" with a term that would achieve **the** same purpose while not raising the concerns (valid or not) mentioned by many commentators. The Committee unanimously agreed to change the proposal as issued for public comment to provide that the proponent must establish that it is *"more likely than not"* that the reliability requirements are met. This standard is substantively identical to "preponderance of the evidence" but it avoids any reference to "evidence" and thus addresses the concern that the term "evidence" means only admissible evidence.

The Committee was also convinced by the suggestion in the public comment that the rule should clarify that it is the court and not the jury that must decide whether it is more likely than not that the reliability requirements of the rule have been met. Therefore, the Committee unanimously agreed with a change requiring that the proponent establish *"to the court"* that it is more likely than not that the reliability requirements have been met. The proposed Committee Note was amended to clarify that nothing in amended Rule 702 requires a court to make any findings about reliability in the absence of a proper objection.

With those changes, and a few stylistic and corresponding changes to the Committee Note, the Committee unanimously voted in favor of adopting the amendments to Rule 702, for **final** approval.

*At the Spring 2022 meeting, the Committee unanimously gam final approval to the proposed amendment to Rule 702. The Committee recommends that the proposed amendment, and the accompanying Comntittee Note, he approved by the Standing Committee and referred to the Judicial Conference.*

The proposed amendment to Rule 702, together with the proposed Committee Note, GAP report, summary of public comment, and summary of the public hearing, is attached to this Report.

\* \* \* \* \*

O