# Exhibit A

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia  ▾

| | |
|---|---|
| EDWARD A. COPELAND AND SHERYL COPELAND | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| TRISTAR PRODUCTS, INC. AND ABC, INC., | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.  5:22-cv-00212-TES

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Tristar Products, Inc.
c/o Hand Arendall Harrison Sale LLC, Registered Agent
111 N. County Hwy 393
Suite 203
Santa Rosa Beach, FL 32459

<span style="color:red">JIM INGLE, JR. #448
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATE 6/15/22 TIME 815 A</span>

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   W. Carl Reynolds
Marty K. Senn
Michael G. Horner
Reynolds, Horne & Survant
6320 Peake Rd.
P.O. Box 26610
Macon, GA 31210

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   06/14/2022



s/ M. Danielle Morrow

*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

EDWARD A. COPELAND AND SHERYL COPELAND

**(b)** County of Residence of First Listed Plaintiff    **Peach**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marty K. Senn, Reynolds, Horne & Survant, 6320 Peake Rd., Macon, GA 31210, (478) 405-0300

## DEFENDANTS

County of Residence of First Listed Defendant    **Florida**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332. Product liability action, including strict liability, design and manufacturing defects in pressure cooker causing injury to Plaintiffs.

Brief description of cause:
Plaintiffs were burned due to product failure when the lid of pressure cooker exploded.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **EDWARD A. COPELAND AND SHERYL COPELAND,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **vs.** | |
| **TRISTAR PRODUCTS, INC. AND ABC, INC.,** | |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

COME NOW EDWARD A. COPELAND and SHERYL COPELAND,

individually, by and through undersigned counsel, and hereby file this **Complaint**

**for Damages and Jury Trial Demand,** respectfully showing the following:

## I. **INTRODUCTION**

1.

This is a diversity-based action seeking recovery for personal injuries and

damages suffered by Plaintiffs Edward A. Copeland and Sheryl Copeland after a

Power Pressure Cooker XL model PPC-780 pressure cooker (hereinafter "Pressure

Cooker") that was designed, manufactured, marketed and sold by and through

Defendants, exploded and burned both their bodies. The subject incident happened in Fort Valley, Peach County, Georgia, and this case is brought under the substantive product liability and negligence laws of the State of Georgia.

## II.    PARTIES, JURISDICTION, SERVICE AND VENUE

### 2.

Plaintiff Edward A. Copeland (hereinafter "Mr. Copeland"), is an adult citizen of the State of Georgia and a resident of Peach County, Georgia. By filing this action, Mr. Copeland avails himself of the jurisdiction and venue of this Court.

### 3.

Plaintiff Sheryl Copeland (hereinafter "Mrs. Copeland") is the spouse of Plaintiff Mr. Copeland, is an adult citizen of the State of Georgia and a resident of Peach County, Georgia. By filing this action, Mrs. Copeland avails herself of the jurisdiction and venue of this Court.

### 4.

Defendant Tristar Products, Inc. (hereinafter "Tristar"), is a foreign corporation, incorporated under the laws of the State of Florida, with its principal place of business in Florida and doing business in Georgia. Tristar has ongoing and continuous sales of its products in the State of Georgia, including but not limited to, the sale of the subject Pressure Cooker.

5.

Tristar maintains a registered agent for service of process in the State of Florida, located at 111 N. County Highway 393, Suite 203, Santa Rosa Beach, Florida 32459, where Tristar may be served with legal process in this case.

6.

At all relevant times, Tristar knew that its products were being sold in the State of Georgia, for use by consumers in Georgia, and its product caused harm to Plaintiffs in the State of Georgia.

7.

At all relevant times, Tristar was actively involved in the design, manufacture, promotion and sale of the subject Pressure Cooker (and similar models), which failed during foreseeable use and caused Plaintiffs' injuries and damages.

8.

This Court has personal jurisdiction over Tristar because of its continuous business contacts with the State of Georgia and because its product sold in Georgia caused harm in Georgia.

9.

ABC Inc. is a fictional designation pursuant to O.C.G.A. §9-11-10(a)
representing a currently unknown corporation or business entity, and/or all
subsidiaries or successor companies of the named defendants that, at all relevant
times, transacted business in the State of Georgia and is, therefore, subject to the
jurisdiction of this Court. Upon ascertaining the proper identity of this entity, this
allegation will be supplemented.

10.

This Court has jurisdiction over this case pursuant to diversity jurisdiction
provided by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum
or value of $75,000.00, exclusive of interest and costs, and there is complete
diversity between the parties.

11.

Venue is proper in the United States District Court for the Middle
District of Georgia, Macon Division, pursuant to 28 U.S.C. § 90(a)(2) and LR
3.4 M.D.G.A., because Plaintiffs reside in Peach County (which is within this
District and Division), because a substantial part of the events, acts or
omissions giving rise to the claim and Plaintiffs' injuries occurred within Peach

County, and because Tristar regularly conducts business in this District and Division.

## III. FACTS

### 12.

In approximately 2016, Plaintiffs ordered the subject Pressure Cooker online, which was designed, manufactured, marketed, and sold by Defendants.

### 13.

Mr. and Mrs. Copeland became familiar with the subject Pressure Cooker's methods and modes of operations through reading the owner's manual and through having used the subject Pressure Cooker several times prior to the incident at issue.

### 14.

On July 18, 2020, Mr. and Mrs. Copeland were using the subject Pressure Cooker at issue to cook chuck roast.

### 15.

At the completion of the cook cycle, Plaintiffs allowed the cooker to sit undisturbed to allow pressure to release. Once the cooker had time to depressurize, Mr. Copeland attempted to rotate the lid toward the open position, but as soon as he moved the lid, the contents explosively expelled onto both Mr. and Mrs. Copeland.

16.

As a direct and proximate cause of the explosion and the flying scalding hot contents of the subject Pressure Cooker therefrom, Mr. Copeland suffered severely painful and disfiguring burns, scalding his face, anterior torso, neck, left upper extremity, left forearm, left hand, left thumb, right upper extremity, and right forearm.

17.

Mr. Copeland suffered excruciating pain from these burns, the debridement procedures, and surgery to graft cadaver skin onto his body. He also had to endure later procedures to debride and remove the skin.

18.

Mr. Copeland is expected to suffer permanent scarring and disfigurement for the rest of his life.

19.

Mr. Copeland has suffered acute mental distress and continues to suffer mental stress and anxiety.

20.

As a direct and proximate cause of the explosion and the flying scalding hot contents of the subject Pressure Cooker therefrom, Mrs. Copeland also

suffered severely painful and disfiguring burns, scalding her breasts, upper chest area, hands, arms, and face.

### 21.

Mrs. Copeland is expected to suffer permanent scarring and disfigurement for the rest of her life.

### 22.

Mrs. Copeland has suffered acute mental distress and continues to suffer mental stress and anxiety.

### 23.

Mr. Copeland has incurred substantial medical bills and expenses and is expected to suffer financial losses in the future; he seeks recovery of all special damages to be proven at trial.

### 24.

Mrs. Copeland has incurred substantial medical bills, lost wages, and expenses and is expected to suffer financial losses in the future; she seeks recovery of all special damages to be proven at trial.

### 25.

Mr. Copeland was not negligent and did not do anything that caused or contributed to the above-referenced incident or his injuries or damages.

26.

Mrs. Copeland was not negligent and did not do anything that caused or contributed to the above-referenced incident or her injuries or damages.

27.

The subject Pressure Cooker is marketed by Tristar and/or ABC, Inc. as a safe product intended to cook food in a fraction of the normal time using heat and pressure inside of a sealed chamber.

28.

The subject Pressure Cooker is marketed by Tristar and/or ABC, Inc. in a way that would intentionally mislead a consumer into believing the product was reasonably safe, with multiple safeguards that would prevent the kind of pressured explosion that is the subject of this lawsuit.

29.

These alleged safety features on the subject Pressure Cooker were either negligently conceived and implemented by Tristar and/or ABC, Inc., or were defectively designed and manufactured by Tristar and/or ABC, Inc.

30.

Mr. and Mrs. Copeland had been and were using the subject Pressure Cooker in a foreseeable, prudent, and intended manner on the date of the incident.

31.

Further, the subject Pressure Cooker had not been substantially modified or altered at any point prior to the subject incident.

32.

The subject Pressure Cooker was negligently designed and/or manufactured by Defendants, and defective in terms of its design, manufacturing and/or warnings.

33.

As a direct and proximate result of the negligent design, manufacturing, and/or warning defects of the subject Pressure Cooker, Mr. and Mrs. Copeland sustained injuries and damages for which Defendants are liable.

## COUNT I:
## TRISTAR- STRICT LIABILITY DESIGN DEFECT

34.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 33 as if fully set forth herein.

35.

At all times relevant to the allegations in this Complaint, Tristar was in the business of designing, manufacturing and marketing pressure cookers and did design, manufacture and market the subject Pressure Cooker giving rise to the subject matter of this lawsuit.

36.

Pursuant to O.C.G.A. § 51-1-11 and other applicable case law, Tristar is strictly liable to Plaintiffs for manufacture design defects because the risks inherent in the subject Pressure Cooker's design outweighs its utility.

37.

Defendants could have implemented safer alternative designs that would not impair the subject Pressure Cooker's functionality.

38.

Thus, under Georgia law, the subject Pressure Cooker is defective in its design.

39.

Tristar also marketed the subject Pressure Cooker in a defective manner in that Tristar failed to effectively warn or inform consumers of the unreasonably dangerous properties of the subject Pressure Cooker.

40.

The design and warning defects alleged above were the proximate cause of Plaintiffs' injuries and damages.

41.

Tristar is strictly liable for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## ABC, INC. – STRICT LIABILITY DESIGN DEFECT

42.

At all times relevant to the allegations in this Complaint, ABC, Inc. was in the business of designing, manufacturing, and marketing Pressure Cookers and did design, manufacture and market the subject Pressure Cooker giving rise to the subject matter of this lawsuit.

43.

Pursuant to O.C.G.A. § 51-1-11 and other applicable case law, ABC, Inc. is strictly liable to Plaintiffs for manufacture design defects because the risks inherent in the subject Pressure Cooker's design outweigh its utility.

44.

Defendants could have implemented safer alternative designs that would not impair the subject Pressure Cooker's functionality.

45.

Thus, under Georgia law, the subject Pressure Cooker is defective in its design.

46.

ABC, Inc. also marketed the subject Pressure Cooker in a defective manner in that ABC, Inc. failed to effectively warn or inform consumers of the unreasonably dangerous properties of the subject Pressure Cooker.

47.

The design and warning defects alleged above were the proximate cause of Plaintiffs' injuries and damages.

48.

ABC, Inc. is strictly liable for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## COUNT II:
## TRISTAR - NEGLIGENCE

49.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 48 as if fully set forth herein.

50.

Tristar has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses.

51.

Tristar also has a duty to adequately warn of dangers posed by the subject pressure cookers' design.

52.

These duties applied to the subject Pressure Cooker at issue in this case.

53.

Tristar knew, or in the exercise of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

54.

Tristar failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

55.

Tristar was additionally negligent in that it failed to give adequate or proper warnings or instructions.

56.

Tristar owed Mr. and Mrs. Copeland, as well as the public at large, the duty

of reasonable care in designing, manufacturing and marketing the subject Pressure

Cooker.

57.

Tristar failed to act as an ordinary prudent manufacturer in manufacturing the

subject Pressure Cooker and was negligent.

58.

Tristar is liable for its negligence for all injuries and damages to Mr. and

Mrs. Copeland related to this incident.

## ABC, INC. – NEGLIGENCE

59.

ABC, Inc. has a duty of reasonable care to design, manufacture, market, and

sell non-defective pressure cookers that are reasonably safe for their intended uses.

60.

ABC, Inc. also has a duty to adequately warn of dangers posed by the subject

pressure cookers' design.

61.

These duties applied to the subject Pressure Cooker at issue in this case.

62.

ABC, Inc. knew, or in the exercise of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

63.

ABC, Inc. failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

64.

ABC, Inc. was additionally negligent in that it failed to give adequate or proper warnings or instructions.

65.

ABC, Inc. owed Mr. and Mrs. Copeland, as well as the public at large, the duty of reasonable care in designing, manufacturing, and marketing the subject Pressure Cooker.

66.

ABC, Inc. failed to act as an ordinary prudent manufacturer in manufacturing the subject Pressure Cooker and was negligent.

67.

ABC, Inc. is liable for its negligence for all injuries and damages to Mr. and Mrs. Copeland related to this incident.

## COUNT III
## TRISTAR — PUNITIVE DAMAGES

68.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 67 as if fully set forth herein.

69.

Despite being on notice of other similar incidents involving the same or similar products, Tristar willfully and intentionally failed to take any proper action to warn, remedy their product, or reduce the risk of harm to the Plaintiffs or the general public.

70.

Tristar had actual knowledge that the subject Pressure Cooker posed a threat of serious injury to consumers, but failed to warn or inform retailers, wholesalers, or the public of said dangers.

71.

Tristar's knowing failure to act despite actual knowledge of the dangers demonstrates willful misconduct, malice, fraud, wantonness, oppression, and/or that

entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter Tristar from repeating or continuing such unlawful and dangerous conduct in the future.

### ABC, INC. — PUNITIVE DAMAGES

72.

Despite being on notice of other similar incidents involving the same or similar products, ABC, Inc. willfully and intentionally failed to take any proper action to warn, remedy their product, or reduce the risk of harm to the Plaintiffs or the general public.

73.

ABC, Inc. had actual knowledge that the subject Pressure Cooker posed a threat of serious injury to consumers, but failed to warn or inform retailers, wholesalers, or the public of said dangers.

74.

ABC, Inc.'s knowing failure to act despite actual knowledge of the dangers demonstrates willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter ABC, Inc. from repeating or continuing such unlawful and dangerous conduct in the future.

## COUNT IV
## BREACH OF EXPRESS WARRANTY AGAINST TRISTAR

### 75.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 74 as if fully set forth herein.

### 76.

Tristar designed, manufactured, assembled, distributed, inspected, tested, and/or sold the subject Pressure Cooker.

### 77.

Tristar expressly warranted that the subject Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

### 78.

Tristar's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiffs, without which the Plaintiffs would not have purchased the subject Pressure Cooker.

### 79.

As a direct and proximate result of Tristar's breach of express warranties, Plaintiffs suffered severe injury, including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## BREACH OF EXPRESS WARRANTY AGAINST ABC, INC.

80.

ABC, Inc. designed, manufactured, assembled, distributed, inspected, tested, and/or sold the subject Pressure Cooker.

81.

ABC, Inc. expressly warranted that the subject Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

82.

ABC, Inc.'s affirmations regarding the safety of its product formed a basis of the bargain for Plaintiffs, without which the Plaintiffs would not have purchased the subject Pressure Cooker.

83.

As a direct and proximate result of ABC, Inc.'s breach of express warranties, Plaintiffs suffered severe injury, including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST TRISTAR

84.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 83 as if fully set forth herein.

85.

Tristar designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject Pressure Cooker.

86.

Tristar impliedly warranted that the subject Pressure Cooker was merchantable and fit for the ordinary purpose for which it was sold or used.

87.

Tristar breached its implied warranty of merchantability, as the product was not fit for the ordinary purpose for which it was sold or used.

88.

As a direct and proximate result of Tristar's breach of the implied warranty of merchantability, Plaintiffs suffered injury including burns, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST ABC, INC.

89.

ABC, Inc. designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the subject Pressure Cooker.

90.

ABC, Inc. impliedly warranted that the Pressure Cooker was merchantable and fit for the ordinary purpose for which it was sold or used.

91.

ABC, Inc. breached its implied warranty of merchantability, as the product was not fit for the ordinary purpose for which it was sold or used.

92.

As a direct and proximate result of ABC, Inc.'s breach of the implied warranty of merchantability, Plaintiffs suffered injury including burns, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST TRISTAR

93.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 92 as if fully set forth herein.

94.

Tristar designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the subject Pressure Cooker.

95.

Tristar, through its agents, servants, employees, and apparent agents, acting within the scope of their employment or authority made representations concerning the particular purpose to which Plaintiffs could put the subject Pressure Cooker to use.

96.

Tristar knew or should have known of the particular purpose to which the Plaintiffs would put the product to use.

97.

Tristar impliedly warranted that the product would be fit for such particular purpose.

98.

Tristar breached its implied warranty of fitness for a particular purpose, as the subject Pressure Cooker's malfunction and overall unsafe condition rendered it unfit for that purpose.

99.

As a direct and proximate result of Tristar's breach of the implied warranty of fitness for a particular purpose, Plaintiffs suffered severe injury including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST ABC, INC.

100.

ABC, Inc. designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the subject Pressure Cooker.

101.

ABC, Inc., through its agents, servants, employees, and apparent agents, acting within the scope of their employment or authority made representations concerning the particular purpose to which Plaintiffs would put the subject Pressure Cooker to use.

102.

ABC, Inc. knew or should have known of the particular purpose to which the Plaintiffs would put the product to use.

103.

ABC, Inc. impliedly warranted that the product would be fit for such particular purpose.

104.

ABC, Inc. breached its implied warranty of fitness for a particular purpose, as the subject Pressure Cooker's malfunction and overall unsafe condition rendered it unfit for that purpose.

105.

As a direct and proximate result of ABC, Inc.'s breach of the implied warranty of fitness for a particular purpose, Plaintiffs suffered severe injury including burns, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and medical treatment.

## COUNT VII
## LOSS OF CONSORTIUM

### 106.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 105 as if fully set forth herein.

### 107.

Mr. Copeland and Mrs. Copeland are, and were at all times relevant to this action, legally married.

### 108.

As a direct and proximate cause of Defendants' acts and/or omissions, Mr. Copeland has lost the companionship, society, and consortium of Mrs. Copeland.

### 109.

As a direct and proximate cause of Defendants' acts and/or omissions, Mrs. Copeland has lost the companionship, society, and consortium of Mr. Copeland.

## DAMAGES

### 110.

Plaintiffs incorporate the allegations contained in paragraphs 1 thru 109 as if fully set forth herein.

111.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Edward A. Copeland and Sheryl Copeland suffered substantial injuries and damages including medical and other necessary expenses, and mental and physical pain and suffering. As a result of the subject incident, Plaintiff Edward A. Copeland has incurred in excess of $203,260 in past medical expenses, and Plaintiff Sheryl Copeland has incurred in excess of $37,570 in past medical expenses and has also incurred lost wages. Mr. and Mrs. Copeland will continue to incur medical expenses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays the following:

a) That summons be issued requiring Defendants to be served as provided by law and requiring Defendants to answer the Complaint;

b) That Plaintiffs have a trial by a fair and impartial jury of twelve members;

c) That Plaintiffs obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiffs for their past and future special and general damages;

d) That Plaintiffs obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiffs for their loss of consortium;

e) That Plaintiffs have and recover punitive damages from Defendants in an amount sufficient to deter Defendants;

f) That Plaintiffs have and recover their expenses of litigation, including attorney's fees;

g) That costs of bringing this action be taxed against the Defendants; and

h) That Plaintiffs have such other and further relief as this Court shall deem just and equitable.

## **JURY DEMAND**

Plaintiffs, Edward A. Copeland and Sheryl Copeland, hereby demand a trial by a 12-person jury on all issues so triable.

This 13th day of June, 2022.

/s/ W. Carl Reynolds
W. CARL REYNOLDS
Georgia Bar No. 601900


/s/ Marty K. Senn
MARTY K. SENN
Georgia Bar No. 513896

/s/ Michael G. Horner
MICHAEL G. HORNER
Georgia Bar No. 251194

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300