IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDWARD A. COPELAND AND SHERYL COPELAND,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **TRISTAR PRODUCTS, INC., and ABC, INC.,** | ) ) ) ) |
| **Defendants.** | ) ) |

Case No: 5:22-cv-00212-CAR

### DECLARATION OF ROBERT S. GIACHETTI, PH.D.

I, ROBERT S. GIACHETTI, PH.D., being duly sworn, depose and state:

1. My name is Robert S. Giachetti, Ph.D. I am over the age of eighteen and am competent to provide this declaration. The matters stated herein are based upon my personal knowledge.

2. I understand that a motion has been made to exclude some of my opinions in this case.

3. My qualifications for providing technical expertise in this matter are as follows: I have a Bachelor's degree, a Master's degree, and a Ph.D. in mechanical engineering. The curricula covered by my educational background includes topics in biomechanics, dynamics, fluid dynamics and physics. In order to receive each of the advanced graduate degrees, I was required to perform research and write a dissertation. Each dissertation was reviewed, critiqued and approved by a committee of Ph.D.s and/or M.Ds. before receiving the degrees.

4. While achieving these degrees I also taught courses at the university level. I was both a discussion teacher and lab teacher in the department of Physics at Marquette University for

their undergraduate general Physics courses (before even having received a Bachelor's degree). I taught courses in the department of Mechanical engineering at University of Illinois, and then at University of Wisconsin in the department of Mechanical Engineering and the department of Kinesiology.[1]

5.      The research I conducted as part of my doctoral work focused on pushing efforts of humans. As part of my research, I not only performed testing using human participants but I also had to be knowledgeable regarding the existing scientific literature on human pushing efforts since investigating the muscular coordination implemented by the central nervous system was a topic of my research. I have since published scientific papers regarding force generation with the hands and legs.

6.      My educational background includes a heavy emphasis on dynamics, dynamic systems, and fluid dynamics. Dynamics is the study of how things move and are moved. "Dynamics" as a field generally applies to solid bodies, such as a baseball thrown or a sled traveling down a hill, from the perspective of the motion and the force(s) responsible for that observed or predicted motion. Dynamic Systems, a course I lectured at University of Wisconsin, usually encompasses arrangements of mechanical components governed by sets of first and/or second order differential equations, their relative motion, and the force(s) responsible for that motion.  This course at University of Wisconsin also included select topics in electrical circuits as well as fluid dynamics.  Fluid dynamics is a discipline that focuses on motion of fluids and the pressure(s) responsible for that motion. For example, the motion of water from a fountain, water flow through a nozzle, discharge from a tank, and fluid behavior in a pressure cooker or fluid coming out of it.

---

[1] Kinesiology is the scientific study of human movement and physical activity.

**Simple basis of analysis**

7.     The analysis I performed relies on two simple scientific facts: a) scalds/burns only occur where hot fluid/steam touches the skin, and b) fluid must go from inside the pressure cooker to outside of the pressure cooker without passing through the walls or lid of the pressure cooker while also obeying the laws of physics.

8.     Water behaves as a Newtonian fluid, whose properties and behavior I studied at the undergraduate and graduate levels (courses such as fluid dynamics, compressible fluid flow, heat transfer, advanced heat transfer, nonlinear science). When water droplets are ejected from the pressure cooker, they behave like any other projectile. When a stream of water leaves the pressure cooker, it behaves like any other projectile. If water escapes but cannot make it out as a projectile, it will flow out and over the edge of the pressure cooker, i.e., a boil over. Previously I had used these simple, elementary principles to analyze pressure cooker injuries. Projectile motion is governed by trajectories that are parabolic. High speed means the fluid will take a fairly straight path over a short distance, like a line drive hit, or low speed means it will take a more arcuate path over a short distance like the stream of a water fountain.  Less energy than either of those two conditions and a higher fill results in a small boil over and the water will not become a projectile until it rolls off the side or lip of the pressure cooker as it falls.  In this sense the equation for a parabola is what is used in the thought experiment as "an equation" since it defines the shape of the water's trajectory when airborne.

9.     However, in this matter, I did not need to rely on those basic ideas found in the high school level physics curriculum to assess a trajectory.  Rather, I relied upon the scientific study I published that characterized how water comes out of a pressure cooker, i.e. this study measured and quantified the trajectory of water releasing from a pressure cooker from an array of pressures

3

and fill levels. This publication provided a wealth of photographic information that supports the simplistic trajectory considerations provided by the elementary principles of projectile motion. Based upon the scientific knowledge gleaned from this publication I can tie fill level and pressure to trajectory, if needed. In this matter, even that was not needed to make an assessment of opening under pressure since the plaintiffs were each injured indicating that there was a significant distance traveled by the hot fluids that had to make contact with their skin and/or clothing.

**Mechanical Disadvantage**

10. Force applied at the lid edge that is required to rotate the lid to an open configuration is exaggerated in comparison to the force required by a user grasping the lid's handle, which is closer to the center of rotation of the lid. Applying force at the lid edge to open the pressure cooker is the least amount of force required to turn the lid due to mechanical advantage. A user with their hand several inches towards the center of the pressure cooker lid will require a much larger force to overcome the lid's locking mechanism.

11. This pressure cooker's handle only extends approximately 5/6ths of the way to the lid edge and the centered, graspable length of the handle is even smaller than that (the diameter of the lid is approximately 12 inches across and the centered opening for the handgrip in the handle is approximately 6 inches across). Because of this, the maximum lever of the handle only has 5/6ths of the mechanical advantage as compared to the lid edge for a push. Compounding this, a user does not grasp the handle at the very edge, they grasp the handle in the handgrip opening that is even closer to the center that further reduces the available leverage. Because the user must grasp the lid handle closer to the center of the lid than the edge, the force they apply to open the lid must be greater than what was measured at the edge due to the decreased leverage.

12. For example, 45 pounds of opening force measured at the edge of a lid having a radius of 6 inches, requires an opening force of 90 pounds when applying that opening force 3

4

inches closer to the center of the lid. That is, moving the hand inward only 3 inches from the edge to apply a force on the handle would double the force required to open the lid.

13. This information is based on my knowledge of elementary physics and simple mechanics, not on the Daams data that was mistakenly omitted from my file materials.

**I am not making medical opinions**

14. I am not a medical doctor. In my analysis of the injuries of the plaintiffs, I have relied upon the diagnoses made by medical doctors, nurses, and other clinicians. I have also relied upon the pictures and descriptions of the injuries provided by Plaintiffs demonstrating their injuries to the layperson. I have not diagnosed or treated any injury as part of my involvement in this matter. Rather, I have used the locations of the burn injuries as shown and described by plaintiffs, as well as the record created by clinicians in efforts to assess the injury causation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __12th__ day of __March__, 2024.

_____
Robert S. Giachetti, Ph.D.