IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDWARD A. COPELAND AND SHERYL COPELAND,** | |
| Plaintiffs, | CIVIL ACTION NO. 5:22-cv-00212-CAR |
| vs. | |
| **TRISTAR PRODUCTS, INC., and ABC, INC.,** | |
| Defendants. | |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OR LIMIT OPINIONS AND TESTIMONY OF DEFENDANT TRISTAR PRODUCTS, INC.'S EXPERT DR. ROBERT GIACHETTI, PH.D**

Plaintiffs, by and through their undersigned counsel, pursuant to Federal Rule of Evidence 702, hereby files their reply in support of their Motion to Exclude or Limit Opinions and Testimony of Defendant Tristar Products, Inc.'s Expert Dr. Robert Giachetti, Ph.D. ("Dr. Giachetti"). In further support, Plaintiffs respectively state:

I. **INTRODUCTION**

Tristar spent a significant portion of its response discussing the condition of the mechanical lock at the time of the incident at issue. In doing so, Tristar argues that Plaintiffs must prove the pressure cooker was in the same condition as sold, and Dr. Giachetti's opinion regarding the lock's performance is reliable. However, in making this argument, Tristar misses the point of Plaintiffs' position. The only evidence of record establishes that the lock was in the same condition at the time of the incident at issue as it was when it was sold. There is no evidence that the lock had been

1

altered prior to the date when the explosion occurred. Even Dr. Giachetti cannot opine that the lock was compromised prior to the incident at issue.

Tristar also takes the position that Dr. Giachetti should be allowed to testify that the pressure cooker was not pressurized. However, Tristar ignores that Dr. Giachetti's other opinions are in direct conflict with his first opinion that the pressure cooker was not pressurized. Tristar fails to offer any valid explanation as to why Dr. Giachetti should be allowed to testify regarding these matters.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.  Dr. Giachetti offers conflicting opinions.

Tristar asserts that Dr. Giachetti's opinions are not inconsistent because Plaintiffs' narrative is not consistent with a pressurized unit. However, the issue is not with this opinion alone, but with the fact that it contradicts with Dr. Giachetti's other opinions that the injuries could not have occurred unless the pressure cooker was pressurized at the time of the incident (Ex. A – Dr. Giachetti Report p. 1-22). In fact, the evidence firmly establishes that the pressure cooker was pressurized when the incident occurred, and both experts agree that the cooker was pressurized at the time of the incident at issue.

Federal Rule of Evidence 403 provides that a court may exclude otherwise relevant evidence if its probative value is outweighed by the danger of misleading the jury or confusing the issues. Dr. Giachetti's second opinion states the narrative of the use of the pressure cooker on the day of the incident is consistent with a depressurized unit. His fourth opinion states that he believed the Copelands' injuries are consistent with the cooker being pressurized when opened. (Ex. A, p. 21-22). So, Dr. Giachetti either believes the pressure cooker was pressurized, or that it wasn't at the time of the incident. He cannot maintain both opinions as it would mislead and confuse the

jury. It is also not logical, because the cooker cannot be both pressurized and not pressurized at the same time. Therefore, Dr. Giachetti should be barred from offering opinions.

### B. Dr. Giachetti is unable to determine when the mechanical lock was damaged and should not be allowed to offer testimony that the lock was compromised prior to the incident.

Tristar begins this argument, regarding the condition of the cooker, by stating that both experts agree that the pressure cooker was previously forced open. In support of this assertion, Tristar points to page 58 of Dr. Eshraghi's deposition; however, nothing on that page of Dr. Eshraghi's deposition discusses the pressure cooker previously being forced open. In support of its position that the cooker was forced open, and the mechanical lock was compromised prior to the incident at issue, Tristar relies on scratches on the locking tab. However, Dr. Giachetti admits that he is unable to determine whether the scratch on the tab was made during the explosive event at issue or if it was made sometime prior to the incident at issue. (Ex. B – Deposition of Dr. Giachetti, p. 112, ll 21-24). Furthermore, there is no evidence that the pressure cooker's lock was ever modified, and the cooker was ever <u>forced</u> open prior to (or at the time of) the incident at issue.

There is no evidence that the lock or cooker was not in the same condition as when it was sold. To the contrary, the evidence conclusively shows the lock was in the same condition on the date of the incident as it was when it was sold. Mrs. Copeland testified that neither she nor Mr. Copeland used force to open the pressure cooker and they knew not to use force. (Ex. C – Depo. of Sheryl Copeland, p. 51-52, p. 9). Dr. Giachetti cannot opine the lock was not in the same condition as when it was sold. (Ex. B, p. 112). Tristar argues that Dr. Giachetti's statement that he cannot determine when the scratch on the locking tab occurred (which would only prove the cooker was pressurized when the lid was opened, not that force was used) is what makes his opinion reliable because it is not speculation about what occurred. However, in the absence of **any** evidence

3

that the pressure cooker was forced opened prior to the incident at issue or that the lock had been compromised, Dr. Giachetti's opinions on this matter are nothing but speculation. An expert should not be allowed to speculate about multiple possibilities of what could have happened in the absence of any evidence to support those theories. Dr. Giachetti's methodology does not allow him to determine that the lock was compromised prior to the incident at issue, and as such, his opinion on this matter is unreliable. Therefore, Dr. Giachetti should not be allowed to testify the lock was compromised prior to the incident at issue.

Tristar goes on to argue that this opinion would be helpful to the jury because it allows a jury to understand what damage a forcible opening does to the unit and why that opening would degrade a locking mechanism. However, this is simply misleading to a jury when there is no evidence that the lock was compromised prior to the incident at issue or that the cooker was ever forced opened prior to the incident at issue. If there is no evidence regarding this matter, there is no need for Dr. Giachetti to offer speculation about what "could" have happened, particularly when that unsupported theory directly conflicts with all other evidence. Tristar is attempting to persuade this Court to allow expert testimony that the lock "could" have been compromised prior to the incident at issue, and **if** the lock was previously compromised, then it could effect the locking ability of the lid. However, because Dr. Giachetti's testing methodology cannot conclude the cooker was forced opened prior to the incident at issue, and all other evidence establishes that it had never been forcibly opened prior to the incident at issue (or even at the time of the incident), such an opinion is unreliable, speculative, and would only serve to mislead the jury.

### C. Dr. Giachetti's opinion that 45 pounds is significant force is subjective and not a proper subject for expert testimony.

Tristar stated, in its response, that Plaintiffs' expert concedes that 45 pounds is significant force. As it has repeatedly done, Tristar takes this portion of Dr. Eshraghi's testimony out of context. Dr. Eshraghi testified that if Mr. Copeland only used one hand, he may need significant force to get up to 45 pounds. However, Dr. Eshraghi clarified this by adding that in order to keep the base of the cooker from rotating, it is likely that Mr. Copeland would have used one hand to keep the base from rotating while opening the lid with his other hand. (Ex. D - Depo of Dr. Eshraghi, p. 126). Dr. Eshraghi demonstrates in the video attached to our response to Defendant's motion for summary judgment (Doc. 29), that he was easily able to open the cooker when using the other hand to keep the base from rotating. Dr. Giachetti also confirmed that he "think[s] that everyone has a different perception of effort." (Ex. B, p. 140, ll 10-16). He also stated that people's perception of how much effort they are putting in is subjective. (*Id.* at p. 145, ll 17-19). If Dr. Giachetti believes that perception of effort is subjective then he should not be allowed to testify that 45 pounds of force constitutes significant effort. This would also be confusing and misleading to a jury.

Tristar also attempts to cast aspersions upon Plaintiffs' counsel for Tristar's failure to produce documents relied upon by Dr. Giachetti when forming his opinion. Dr. Giachetti's file was produced on January 12, 2024, when Plaintiffs' counsel was in California for Dr. Eshraghi's deposition. Dr. Giachetti's deposition was scheduled to occur on January 16, 2024, but Plaintiffs' counsel agreed to reschedule Dr. Giachetti's deposition due to the birth of his child. However, discovery expired on January 15, 2024, and Plaintiffs' counsel did not begin to prepare for Dr. Giachetti's deposition until the week after. Therefore, Plaintiffs did not know about the missing

5

documents until shortly before the deposition and had no means to compel production since discovery had expired. Tristar makes much of the fact that Plaintiffs didn't follow up to request the article, but glosses over the fact that it never offered the article until after Plaintiffs filed their motion. Counsel for Defendant emailed Plaintiffs' counsel on February 28, 2024, attaching the missing article and proposing to Plaintiffs' counsel that Dr. Giachetti be re-deposed. However, as Plaintiffs' counsel informed Defendant's counsel, Plaintiffs' counsel was preparing for a trial that was to start the following week and would not be able to depose Dr. Giachetti prior to Tristar's response date. Again, it is important to note that while ignoring its own failure, Tristar attempts to paint Plaintiffs' counsel as being insincere or unprofessional simply because Dr. Giachetti did not produce documents requested for his deposition. However, in light of the above explanation, if the Court deems the missing article critical in making its determination, Plaintiffs' counsel would be agreeable to re-deposing Dr. Giachetti on that issue at Defendant's expense.

However, the article produced by Tristar's counsel contains little to no information and is nothing more than a chart conveying the pushing forces of a 23-year-old male from a standing posture pushing at elbow height and then pushing at shoulder height. None of which appears to be applicable to the force applied when rotating the lid of the cooker at issue. Tristar in its response, fails to explain how the article provides any relevant data for Dr. Giachetti to opine that 45 pounds as applied to rotational force of removing a pressure cooker lid constitutes significant force.

### D. Dr. Giachetti is not qualified to testify regarding Mr. Copeland's burns, and nothing about the Copeland's burns show that force was used to remove the lid of the pressure cooker.

Dr. Giachetti has previously been barred from offering opinions drawn from analyzing burn patterns. *Williams v. Tristar Products, Inc.,* 418 Supp. 3d1212 (N.D. Ga. 2019). Tristar argues that this case is different because the issue in *Williams* is whether the Plaintiff forced the lid open

and spilled the contents of the cooker rather than having the contents expelled onto her. However, the way in which Dr. Giachetti arrives at that opinion in *Williams* is basically the same methodology he uses here. The only difference is that, in an effort to remedy his lack of qualification, Dr. Giachetti performed a study, that was funded by Tristar, where he videotaped water being expelled from a pressurized cooker onto a mannequin. This is not a reliable methodology for all the reasons pointed out in Plaintiffs' original brief. Furthermore, and more importantly, Dr. Giachetti attempts to use that data to then expand on the opinions he issued in *Williams* to opine that, not only do the patterns show the location of Mr. Copeland's hands, it proves he actually forced open the pressure cooker. The problem with this opinion is that the data Dr. Giachetti relied on in reaching this opinion would not enable another expert applying the same methodology to arrive at a similar conclusion. The impact and significance of the placement of plaintiffs' burns should be reserved to plaintiffs' treating medical providers and not Dr. Giachetti. Furthermore, Dr. Giachetti admitted that nothing about the location of Mr. Copeland's hands offers any information about whether Mr. Copeland used force to open the cooker. (Ex. B, p. 173). Dr. Giachetti's opinions based on the burn analysis only purports to show the location of Mr. Copeland's hands. (*Id.*). Dr. Giachetti simply stated that the basis for his opinion that Mr. Copeland used force to open the cooker, was that the cooker was under pressure. (*Id.* at p. 174). This assumes that the lock and clamping mechanism were in working order, and this is exactly what is at issue in this litigation.

Plaintiffs have alleged that because the locking and clamping devices of the cooker were defective, the cooker was able to be easily opened while pressurized. Dr. Giachetti seeks to offer expert opinion that because the cooker was pressurized, significant force would have been required to open the lid. However, that begs the question of whether the locking mechanisms were working

7

properly. Furthermore, by his own admission, Dr. Giachetti's methodology does not offer any information that would support an opinion as to whether force was used to remove the lid. Dr. Giachetti's opinions are simply too far of a leap from the data available and there is too large of a gap between the data and the conclusion he reaches.

### III.  CONCLUSION

Tristar has not sufficiently carried its burden of demonstrating that Dr. Giachetti's opinions are admissible under Federal Rule of Evidence 702 and *Daubert*. Dr. Giachetti's opinions at issue here are not well founded, and there is too large of a gap between the data relied upon and the conclusion reached. Finally, the opinions discussed are not relevant nor helpful because they contradict each other and the other evidence in the case, and would only serve to confuse and mislead a jury. Accordingly, Dr. Giachetti should not be permitted to testify regarding opinions identified in Plaintiffs' original brief.

Respectfully submitted,

This 26th day of March, 2024.

| | |
|---|---|
| **REYNOLDS, HORNE & SURVANT**<br>6320 Peake Road<br>P.O. Box 26610<br>Macon, Georgia 31210<br>Telephone: (478) 405-0300<br>msenn@reynoldsinjurylaw.com | */s/ Marty K. Senn*<br>MARTY K. SENN<br>Georgia Bar No.: 513896<br>*Attorney for Plaintiffs Edward A. Copeland and Sheryl Copeland* |

**CERTIFICATE OF SERVICE**

This is to certify that on this date, the undersigned served a true and correct copy of the foregoing pleading with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Sanjay Ghosh
Steven H. Campbell
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
sanjay.ghosh@nelsonmullins.com
steven.campbell@nelsonmullins.com
*Attorneys for Defendant*

David S. Osterman, Esq.
Thaddeus J. Hubert, IV, Esq.
Goldberg Segalla
301 Carnegie Center, Suite 200
Princeton, NJ 08540
dosterman@goldbergsegalla.com
thubert@goldbergsegalla.com
*Attorneys for Defendant*

This 26th day of March 2024.

**REYNOLDS, HORNE & SURVANT**
6320 Peake Road
P.O. Box 26610
Macon, Georgia 31210
Telephone: (478) 405-0300
Facsimile: (478) 405-0550
msenn@reynoldsinjurylaw.com

*/s/ Marty K. Senn*
MARTY K. SENN
Georgia Bar No.: 513896
*Attorney for Plaintiffs Edward A. Copeland and Sheryl Copeland*