IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD A. COPELAND AND SHERYL COPELAND, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No: 5:22-cv-00212-CAR |
| TRISTAR PRODUCTS, INC., and ABC, INC., ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT TRISTAR PRODUCTS, INC.'S**
**BRIEF OPPOSING PLAINTIFFS' MOTION TO AMEND OR WITHDRAW**
**RESPONSE TO DEMAND FOR ADMISSION #15**

Defendant Tristar Products, Inc. ("Tristar") files this brief in opposition to Plaintiff's motion withdraw or amend admission #15.

**PRELIMINARY STATEMENT**

Tristar's brief below incorporates the arguments it has previously made in its summary judgment papers pertaining to Plaintiff Edward Copeland's admissions, the controlling nature of those admissions unless withdrawn, the inability for a deceased party to withdraw or amend his discovery responses, and Plaintiff's failure to move to amend or withdraw his admission that he vented the unit. Plaintiffs' motion to amend or withdraw the admissions should be denied for these reasons

**I.      Plaintiff's admissions cannot be amended because he is deceased.**

**a. A deceased party cannot file, participate or maintain a lawsuit.**

"[I]t is well settled in Georgia that a deceased person cannot be a party to any legal proceeding." *See Union Carbide Corp v. Brannon*, 360 Ga. App. 109, 112 (2021). The Federal

1

Rules of Civil Procedure are analogous to Georgia. *See* Fed. R. Civ. P. 25 ("if a party dies and the claim is not extinguished, the court may order substitution of the proper party).[1]

Here, Plaintiff's former counsel is attempting to change his admissions following his death. This is improper because Mr. Copeland passed away and cannot participate in this lawsuit.

**b. Prior acts of the deceased party in the litigation are binding on any substituted party as a successor to the decedent.**

Because a deceased party cannot file, maintain, or participate in a lawsuit, a deceased party cannot amend or withdraw discovery answers as if the party were still alive. If Plaintiffs' counsel substituted in Mr. Copeland's estate, Plaintiffs would still be unable to withdraw or amend Mr. Copeland's admissions. "Once the successors or representatives of the deceased party are substituted, they stand in place of the deceased party. <u>Previous acts of the deceased party are binding on them</u>, as are prior orders and rulings. The successor takes over without any change in the status of the case." *See Owner-Operator Indep. Drivers Ass'n v. Landstar Systems*, 2012 U.S. Dist. Lexis 184416 at *36 (Fl. M.D. 2012) (quoting 6 Moore's Federal Practice §25.15 (3d ed. 2012) (Emphasis added)). *See also Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 248 (3rd Cir. 2002) ("When an executor or administrator continues with a decedent's claim, she stands in the shoes of the decedent."); *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995) (holding legal successor to deceased party "tracks the positions of the original parties" and therefore the successor could not change the deceased party's request for a bench trial to a jury trial. "<u>If [decedent] had failed to comply with its discovery obligations, leading the judge to deem a critical fact established under Fed. R. Civ. P. 37(b)(2)(A), [successor] could</u>

---

[1] Plaintiff Edward Copeland passed away in December 2022.
https://www.burpeescottmemorialchapel.com/memorials/edward-copeland/5097619/

<u>not avoid that sanction</u>. A successor takes over without any other change in the status of the case. Any other approach would make a shambles of litigation.") (Emphasis added).

Here, Mr. Copeland's admission cannot be withdrawn or amended by Mr. Copeland due to his death, or by his former attorney, or any hypothetical substituted party. Thus, the admission cannot be withdrawn, it is conclusive on the issue of the pressure cooker's condition and Plaintiffs' motion to amend or withdraw should be denied.

**II. Plaintiffs attempt to withdraw admission #15 is irrelevant because admission #14 establishes the pressure cooker was not pressurized. Plaintiffs did not move to withdraw admission #14.**

Assuming arguendo that a deceased party could amend a response to a demand for admission, the motion to amend/withdraw should still be denied because the admissions still establish the pressure cooker was depressurized. In admission #15, Plaintiff admitted the float valve dropped prior to opening the lid which means the unit was depressurized. But the predicate act for the float valve to drop is to turn the pressure release valve to release the steam which has the concurrent effect of releasing the pressure. The float valve will then drop and the unit can be opened safely.

Plaintiff has <u>not</u> moved to amend his admission that he turned the pressure release valve prior to opening the unit. See Plaintiff's response to request for admissions, attached hereto as **Exhibit A**.

> 14. Plaintiff turned the pressure release valve to release the steam inside the Pressure Cooker before attempting to open the Pressure Cooker on July 18, 2020.
> **RESPONSE**
> Admitted.

The warnings located on the pressure cooker's lid, which Plaintiff admits he read prior to the accident, see Plaintiff's response to admission #6, directs the user to turn the pressure valve prior

3

to opening. It states "after cooking and before opening the Lid, turn the Pressure Valve to the vent position to release steam." *See* Giachetti report at 6, attached hereto as **Exhibit B**. If he denied releasing the pressure, he would, by definition, be forcing off the pressure cooker in contravention of the warnings he read.

If the steam is not manually released, a user must wait for the unit to naturally depressurize due to the passage of time. Plaintiffs did both and Plaintiff's admission is consistent with Ms. Copeland's deposition testimony. Thus, there is no basis to amend or withdraw this admission or admission #15.

She testified she knew to turn the release valve prior to opening the unit, and she further testified that, on the day of the accident, they unplugged the unit, waited 40-45 minutes, her husband then turned the manual release valve, and no steam came out (because it was already depressurized). *See* Sheryl Copeland's deposition testimony at 35:10 – 37:10; 37:21-24; 42:18 – 43:8; 46:20 – 47:4; 50:5-7, attached hereto as **Exhibit C**.

We know the lack of steam establishes the unit is depressurized because Eshraghi admitted neither the float valve nor the manual release valve were clogged upon his inspection of the unit. *See* Eshraghi transcript at 55:12-21, attached hereto as **Exhibit D**. Thus, Plaintiff's response to admission #14 establishes Plaintiff released the steam prior to opening the pressure cooker, this admission is corroborated by Ms. Copeland's testimony, Plaintiffs have not moved to withdraw it, and nothing could have kept the unit pressurized by preventing the release of steam upon turning the release valve because the valve was not clogged.

Thus, Plaintiffs admit the unit is still depressurized. Therefore, Plaintiffs' motion to withdraw/amend does not preclude summary judgment and further, Plaintiffs' failure to amend or

withdraw #14 speaks to the problems of attempting to change a deceased person's discovery responses.

**III.   Plaintiffs' argument that withdrawing the amendment will promote the presentation of the merits is inapplicable because Mr. Copeland is deceased. Further, Tristar is prejudiced because Mr. Copeland is unavailable to explain his changed admission.**

**a. The merits will not be promoted by amending the admission because Plaintiffs' attorney is attempting to change the admission to improve their argument at trial following their expert's testimony.**

Plaintiffs' argument that withdrawing and amending the admission will promote the merits of the case is inapplicable and incorrect. None of the cases relied upon by Plaintiffs (in their motion to withdraw the admission or summary judgment opposition) stand for the proposition that a deceased party may amend an admission. Plaintiffs' argument is directly contrary to Rule 25 and the cases applying Rule 25 to bind a successor to the decedent's earlier conduct.

The cases cited by Plaintiffs stand for the proposition that the presentation of the merits are promoted where a party mistakenly fails to respond to the request for admissions, the responses are untimely, or the admission was the result of a faulty assumption or inadvertence. *See* Pl. Br. in support of motion to withdraw admission at 4-6. But Plaintiff's response to the admissions was substantive and purposeful, not mistaken or untimely, and made with the ability to consult counsel.

For example, Plaintiff's admissions purposefully and intentionally claim he followed all instructions and did not misuse the pressure cooker, yet the lid of the pressure cooker somehow still separated from the base while under pressure. As Plaintiffs' counsel points out in the motion to withdraw, "[h]ad Plaintiff denied this request, Tristar undoubtedly would have urged this Court

5

to infer from that response that Plaintiff misused the cooker." *Id*. at 6.[2] So to avoid or limit Tristar's misuse argument, Plaintiff's theory – based upon the admissions - is that even if you follow all the instructions, the pressure cooker can cause harm. But unfortunately Plaintiffs' expert does not agree with this theory. Instead, Eshraghi admits an accident cannot occur under Plaintiffs' version of events.

Plaintiffs' counsel – not Mr. Copeland - now wants to change his former client's admission because it contradicts his expert's testimony, not because we know Mr. Copeland's response was "mistaken." The presentation of the merits cannot be promoted where a deceased party attempts to withdraw his admissions because it cannot be <u>his</u> withdrawal, but rather must be someone else's withdrawal, and in this case, it is nothing more than an attorney's attempt to change his former client's answer to better comport with Eshraghi's opinion that it is difficult to determine whether the float valve is down.

### b. Tristar is prejudiced because Mr. Copeland is deceased and cannot question him on his changed position.

Rule 36 does not allow an admission to be withdrawn or amended if the party opposing withdrawal is prejudiced. Tristar is prejudiced by the "unavailability of key witnesses [such as Mr. Copeland], because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *See Smith v. First Nat. Bank of America*, 837 F.2d 1575, 1577-78 (11th Cir. 1988). Plaintiffs seek to amend a response to an admission due to a "mistake" or "inadvertence" without the ability to establish from Mr. Copeland that his response was actually

---

[2] Yes, Tristar would have argued Plaintiff misused the cooker if he denied waiting until the float valve dropped prior to opening the unit. Tristar has a right to know how Plaintiff interacted with the unit.

mistaken. This by itself is prejudicial because the withdrawal is being made by someone who cannot be deposed or questioned i.e., Plaintiff's former attorney.

Furthermore, Tristar is prejudiced because Mr. Copeland cannot be deposed. *See Stroud v. Walmart, Inc*., 798 Fed. Appx. 801, 803 (5th Cir. 2020) ("Wal-Mart would have been prejudiced by allowing Stroud to amend his admissions after the various deadlines passed."); *Atakpa v. Perimeter Ob-Gyn Assocs., P.C*., 912 F. Supp. 1566, 1581 (Ga. N.D. 1994) (holding no prejudice to plaintiff in withdrawing admission because "Dr. Greenberg will presumably be present at trial and plaintiff will have the opportunity to question him regarding Patient #5044, Admission No. 178, and his affidavit."*); Bernath v. Seavey*, 2017 U.S. Dist. LEXIS 69986 at *20 (Fl. M.D.) (finding prejudice if admission withdrawn because discovery deadline passed and ["t]o permit the admissions to be withdrawn at this stage would prohibit Defendants from seeking discoverable information concerning the matters that have been deemed admitted . . . ."). Tristar cannot question Mr. Copeland (1) why he originally admitted the demand; (2) why he now wants to withdraw and amend the answer; (3) why he now thinks he "thought" the float valve was down; (4) when he first realized the mistake; (5) why he waited to withdraw the admission until Tristar moved for summary judgment and after his expert provided his opinions and (5) whether he knew or had reason to know that the unit was still pressurized. And Tristar has never had the opportunity to depose Mr. Copeland because he passed away prior to his deposition.

### c. Giachetti's opinion that the pressure cooker was pressurized does not cure the prejudice accrued to Tristar.

Plaintiffs' incorrectly argue Tristar is not prejudiced because "Tristar has taken the position that the cooker was pressurized at the time of the accident . . . ." *See* Pl. Br. to withdraw and amend

admission at 9.[3] The prejudice analysis in *Smith* and Rule 36 relates to the unavailability of witnesses on the issue being contested now that the admission is withdrawn. Precisely how Plaintiff interacted with the unit would be contested at a trial if the amendment is withdrawn. Giachetti's testimony (and Eshraghi's testimony) focuses on how Plaintiff used the unit to determine whether a defect caused the injury or misuse. Without being able to confront Mr. Copeland on the withdrawn and amended admission, Tristar is prejudiced because it cannot further supplement Dr. Giachetti's opinion with additional facts concerning Mr. Copeland's conduct and interaction with the pressure cooker.

For example, both experts are in agreement that the accident could not have occurred as alleged by Plaintiff in his admissions because the unit is depressurized. Giachetti therefore concludes Plaintiff used the cooker differently. But now Plaintiff – through his attorney - seeks to claim he thought the float valve was down without explaining why he thought so. Eshraghi will blame the design of the unit for allegedly making it difficult to determine whether the float valve was up or down. *See* Pl. Br. opposing motion to bar Dr. Eshraghi at 3 ("the pressure cooker was defectively designed in a manner that created confusion to the user as to whether the cooker was pressurized."). This puts Tristar and Giachetti at a disadvantage because they cannot understand why Mr. Copeland thought so. Further, the proposed amendment states "Mr. Copeland did not utilize the float valve as the sole indicator to determine whether the cooker was pressurized," but it does not explain what other indicators he reviewed in concluding the unit was depressurized. If he were alive, he could explain why else he thought the pressure cooker was depressurized, and

---

[3] "In the Eleventh Circuit, it is reversible error for a district court to discount facts that are conclusively established through Rule 36 admissions, even if it [finds] more credible the evidence of the party against whom the admissions operate." *Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, 2012 U.S. Dist. Lexis 91253 at *7 (N.D. Ala. 2012).

Giachetti could substantively address those issues from a design perspective. But without further information, Giachetti cannot, thus making it impossible to effectively rebut Eshraghi.

Respectfully submitted, this 1st day of April, 2024.

>/s/ Sanjay Ghosh
> Sanjay Ghosh
> Georgia Bar No. 141611
> Steven H. Campbell
> Georgia Bar No. 161457
> NELSON MULLINS RILEY & SCARBOROUGH LLP
> 201 17th Street NW | Suite 1700
> Atlanta, GA 30363
> (404) 322-6000
> (404) 322-6050 (fax)
> sanjay.ghosh@nelsonmullins.com
> steven.campbell@nelsonmullins.com
>
> David S. Osterman
> Thaddeus J. Hubert, IV
> GOLDBERG SEGALLA
> 301 Carnegie Center Drive | Suite 200
> Princeton, NJ 08540
> (609) 986-1386
> (609) 986-1301 (fax)
> dosterman@goldbergsegalla.com
> thubert@goldbergsegalla.com
>
> *Attorneys for Defendant Tristar Products, Inc.*

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the within and foregoing **DEFENDANT TRISTAR PRODUCTS, INC.'S BRIEF OPPOSING PLAINTIFFS' MOTION TO AMEND OR WITHDRAW RESPONSE TO DEMAND FOR ADMISSION #15** with the Clerk of Court utilizing the CM/ECF electronic filing system which will automatically send notification of such filing to all attorneys of record listed below, who are registered participants in the Court's electronic notice and filing system.

W. Carl Reynolds, Esq.
creynolds@rmtriallaw.com
Marty K. Senn, Esq.
msenn@reynoldsinjurylaw.com
Michael G. Horner, Esq.
mhorner@reynoldsinjurylaw.com
REYNOLDS, HORNE & SURVANT
6320 Peake Road
P.O. Box 26610
Macon, GA 31210

*Attorneys for Plaintiffs Edward A. Copeland
and Sheryl Copeland*

This 1st day of April, 2024.

*/s/ Sanjay Ghosh*
Sanjay Ghosh
Georgia Bar No. 141611
Steven H. Campbell
Georgia Bar No. 161457
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW | Suite 1700
Atlanta, GA 30363
(404) 322-6000
(404) 322-6050 (fax)
sanjay.ghosh@nelsonmullins.com
steven.campbell@nelsonmullins.com

*Attorneys for Defendant Tristar Products, Inc.*