IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD A. COPELAND AND SHERYL COPELAND,   Plaintiffs,   vs.   TRISTAR PRODUCTS, INC., and ABC, INC.,   Defendants. | CIVIL ACTION NO. 5:22-cv-00212-CAR |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO WITHDRAW OR AMEND RESPONSES TO REQUEST FOR ADMISSIONS**

Plaintiffs, by and through their undersigned counsel, hereby file their reply in support of their motion to withdraw or amend responses to request for admissions. In further support, Plaintiffs respectively state:

1. **INTRODUCTION**

In its response, Tristar essentially argues that plaintiffs cannot withdraw their admissions because Mr. Copeland is deceased, and that it will be prejudice because they cannot question Mr. Copeland. Neither of these reasons are compelling because Tristar does not cite to any authority that stands for the position that a deceased party's admission can never be withdrawn. Tristar also fails to offer any compelling explanation as to how it would be prejudiced because it cannot question Mr. Copeland regarding an amended response. Finally, Tristar argues that a separate admission, Request for Admission No. 14, also establishes that the pressure cooker was not

1

pressurized at the time of the incident at issue. However, this is the first time this has been raised by Tristar and was not addressed in Tristar's motion for summary judgment. Therefore, this argument should not be considered by this Court. If the court is inclined to consider Tristar's arguments regarding request for admission No. 14, Tristar's extrapolation of that admission in an attempt to convince this Court that it establishes that the cooker was not pressurized at the time of the accident fails for the same reasons set forth in plaintiffs' response to defendant's motion for summary judgment and in plaintiffs' motion to withdraw or amend its admissions.

As stated in plaintiffs' original motion, plaintiffs do not believe that the admission at issue establishes that the cooker was not pressurized at the time of the incident at issue. Plaintiffs only make this motion to amend or withdraw in the event the Court determines that is the appropriate remedy. Plaintiffs have made this motion in the event that the Court may determine that since the admission is subject to multiple interpretations, the admission may confuse a jury.

## II. ARUGEMENT AND CITATION OF AUTHORITY

Tristar has failed to cite any authority that would prohibit withdrawal or amendment of the admission at issue simply because Mr. Copeland is deceased. Tristar argues that because Mr. Copeland is deceased, he cannot participate in any legal proceedings. However, plaintiffs have now filed a motion to substitute Ms. Copeland as the administrator of Mr. Copeland's estate as the proper party. (Doc. 39). Tristar states that once the representative of a deceased party is substituted, the representative stands in place of the deceased party. Tristar uses that argument to contend that this means the representative of a deceased party cannot amend an admission by a deceased party. However, since the representative of a deceased party stands in place of a deceased party, the representative also has the same rights and powers that the deceased party would have had, had that party survived. If Mr. Copeland could have withdrawn or amended his admissions, his

2

representative should be allowed to as well. Tristar argues that plaintiffs' positions are in direct contrast to Rule 25 and cases applying Rule 25. However, Tristar has cited to no cases to support that position.

Tristar also argues that it is prejudiced because Mr. Copeland is deceased, and Tristar cannot question his position. However, this would also be the case had Mr. Copeland originally denied the request for admission at issue. Tristar did not depose Mr. Copeland prior to his death, so regardless of how he answered the request for admission, Tristar would not have been able to explore the reasons behind the admission or denial. Tristar argues that Plaintiffs seek to amend a response based on a mistake without Tristar's ability to question Mr. Copeland regarding whether his response was actually mistaken. Tristar ignores the deposition testimony cited in plaintiffs' original brief which shows that Mr. Copeland was either confused about the location of what Tristar refers to as the float valve, or that other evidence has established that Mr. Copeland could have been mistaken. Ms. Copeland testified that plaintiffs often looked at the pin on the side of the cooker because they believed the locking pin corresponded with the location of the float valve. The request to amend or withdraw the admission is not being made because plaintiff wants to change his testimony as Tristar contends, but in an effort to clarify his response and to avoid confusing a jury.

Courts have permitted a withdrawal of admission when the record indicates that the admission is no longer true, or it was made pursuant to a faulty assumption. *Atakpa v. Perimeter OB-GYN Associates*, 912 F. Supp. 1566, 1581 (N.D. Ga. 1994). *Atakpa* is analogous to this case because plaintiffs faultily assumed that the position of the locking pin was related to the position of the float valve. It is also analogous because evidence has developed showing that Mr.

Copeland's admission (which was simply that he believed he waited until the float valve dropped before opening the cooker), may not be correct.

In *Atakpa*, the defendant moved to amend or withdraw its response to a request to admit that one of defendant's patients had refused to take an HIV test. (912 F. Supp. at 1581). Defendant admitted that request. Plaintiff then used that admission to argue that defendant had admitted as a matter of law that patients had refused HIV testing and had been tested against their will. *Id.* However, defendant argued that one of its physicians would testify that the patient did, in fact, consent to an HIV test, and that the unqualified construction of the admission proposed by plaintiff would render that admission in conflict with uncontroverted testimony. *Id.* Defendant argued that plaintiff was attempting to obscure the matter being admitted because defendant had never stated that the patient actually refused an HIV test. Instead, defendant argued it merely admitted that the records for the patient indicated a refusal. *Id.* The court found that the presentation of the admission without clarification and without allowing further testimony would impede the trier of fact from reaching the truth. *Id.* Similarly, here, the admission, as construed by Tristar, would impede the trier of fact from reaching the truth. Tristar simply obscures the matter being admitted. Other evidence explains and clarifies this admission. A jury can conclude that Mr. Copeland was mistaken and can weigh the evidence for itself. *Lee v. Smith and Wesson Corp.*, 160 F.3d 523, 527 (6th Cir. 2014). If Tristar was really interested in determining the truth of whether the cooker was pressurized, it could have simply asked Mr. Copeland to admit that the cooker was not pressurized. Tristar would not do that for obvious reasons as it would have resulted in a clear denial, and it could not then attempt to obscure the matter being admitted.

Tristar also argues that Dr. Giachetti's opinion that the pressure cooker was pressurized does not cure the prejudice accrued to Tristar. The evidence in this case is clearly established that

4

the cooker was pressurized at the time of the subject incident. Plaintiff and Tristar's experts both agree that the cooker was pressurized at the time of the subject incident. (Doc. 33-1, p. 2). However, Tristar now wants this Court to assume its extrapolation of the admission at issue to conclude that that there was no explosive event. This ignores all of the other evidence and would essentially create friction that is in direct contrast with all the evidence in this case. Rule 36(b) of the Federal Rules of Civil Procedure provides that a party may make a withdrawal or amendment of admission if it promotes the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. The purpose of this rule is to allow the jury to weigh the evidence and to decide the case on its merits, not on a technicality advocated by Tristar. To allow the jury to hear the evidence, as opposed to Tristar's interpretation of the admission, would promote the presentation of the merits of the action. The jury would be able to decide the case on those merits. The conclusive effect of an admission may not be appropriate when the request or responses are subject to more than one interpretation. *Johnson v. DeSoto Board of Commissioners*, 204 F.3d 1335, 1340-41 (11th Cir. 2000). Additionally, the conclusive effect of an admission may not be proper because issues change as a case develops, and the relevancy of discovery responses are related to their context in the litigation. *Id.* Here, the admission would have to be taken completely out of context to establish the cooker was not pressurized when the entirety of the evidence, when taken in context, proves the cooker was pressurized.

The evidence in this case shows there was an explosive event that could have only happened if the cooker was pressurized. Tristar's interpretation of the admission at issue would create an absurd result because it would require ignoring all the other evidence in the case, including direct testimony by two experts, that would contradict Tristar's interpretation of the

5

admission. Tristar claims it would be prejudiced because it is not able to question Mr. Copeland about why he thought the float valve had dropped. This is simply a red herring. The issue here is whether the cooker was able to be opened while under pressure. Tristar's seeks to distract the Court from this issue by arguing that it is not able to question Mr. Copeland about why he thought the cooker was depressurized. Even Tristar's corporate representative admits the float valve was not designed to allow the user to know whether the cooker was pressurized. (Doc. 33-1, p. 7). Therefore, Tristar would not be prejudiced by allowing Plaintiff to amend or withdraw its admission.

### III. CONCLUSION

As stated above, the admission at issue does not establish that the cooker was not pressurized. In fact, all of the evidence in the case establishes that the cooker was pressurized. However, in the interest of caution, Plaintiffs have made this motion to amend or withdraw its admission to avoid confusing a jury, and so that the case can be decided on its merits. The same rationale is true for Plaintiffs response to request for admission no. 14, which was only raised by Tristar for the first time in its response brief. Allowing plaintiffs to amend or withdraw the admissions at issue would promote the presentation of the merits of the action because a jury would actually get to hear the evidence and decide the case on its merits. Plaintiffs' interpretation of the admission at issue creates a fiction that is in direct contrast with all the other evidence and testimony. Furthermore, Tristar is not prejudiced by the amendment or withdrawal of the admission at issue because its own expert believes that the cooker was pressurized at the time of the incidence at issue. Therefore, Tristar's position that it would be prejudiced is simply an attempt to distract from the fact that cooker was pressurized. Mr. Copeland's explanation of why he thought the float valve had dropped does not determine the issue of whether the cooker was

pressurized. What Mr. Copeland thought about the position of the float valve does not change the fact that the cooker was pressurized. A jury could find Mr. Copeland was mistaken about the float valve, and that the cooker was, in fact, pressurized. Obviously, if Tristar had asked Mr. Copeland to admit the cooker was not pressurized, he would have denied that request. Such a request would have been a much more direct way of getting the response Tristar seeks to extrapolate from the admission at issue. Clearly, Tristar would not have made such a request because the response would have been a denial. Tristar seeks to obscure an admission to a vague question to get the same result.

Therefore, Plaintiffs request that the Court grant their motion to withdraw or amend responses to requests for admissions.

Respectfully submitted,

This 15th day of April, 2024.

| | |
|---|---|
| **REYNOLDS, HORNE & SURVANT** | */s/ Marty K. Senn* |
| 6320 Peake Road | MARTY K. SENN |
| P.O. Box 26610 | Georgia Bar No.: 513896 |
| Macon, Georgia 31210 | *Attorney for Plaintiffs Edward A. Copeland and* |
| Telephone: (478) 405-0300 | *Sheryl Copeland* |
| msenn@reynoldsinjurylaw.com | |

**CERTIFICATE OF SERVICE**

This is to certify that on this date, the undersigned served a true and correct copy of the foregoing pleading with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

Sanjay Ghosh
Steven H. Campbell
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
sanjay.ghosh@nelsonmullins.com
steven.campbell@nelsonmullins.com
*Attorneys for Defendant*

David S. Osterman, Esq.
Thaddeus J. Hubert, IV, Esq.
Goldberg Segalla
301 Carnegie Center, Suite 200
Princeton, NJ 08540
dosterman@goldbergsegalla.com
thubert@goldbergsegalla.com
*Attorneys for Defendant*

This 15th day of April 2024.

**REYNOLDS, HORNE & SURVANT**
6320 Peake Road
P.O. Box 26610
Macon, Georgia 31210
Telephone: (478) 405-0300
Facsimile: (478) 405-0550
msenn@reynoldsinjurylaw.com

*/s/ Marty K. Senn*
MARTY K. SENN
Georgia Bar No.: 513896
*Attorney for Plaintiffs Edward A. Copeland and Sheryl Copeland*